# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00533-CR

**Magdaleno Medina, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-01-0118-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING**

A jury found appellant Magdaleno Medina guilty of possession of cocaine with an intent to deliver and assessed punishment at seventy-six years=confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Health & Safety Code Ann. ' 481.112 (West Supp. 2002). The district court rendered a judgment of conviction in accordance with the jury=s verdict. Medina appeals his conviction, contending he received ineffective assistance of counsel. We will abate the appeal pending a hearing in the district court on Medina=s motion for new trial.

On October 2, 2000, San Angelo Police Officer Mike Hernandez, acting as part of a drug enforcement task force, received information of Medina=s whereabouts at a motel in the area. Hernandez testified that Medina Ahad an outstanding felony warrant for his arrest,@ so Hernandez and several officers went to the motel to arrest Medina. When the officers saw Medina walking to an automobile, they identified themselves as police and ordered him to stop. Medina tried to flee, but was captured with the aid

of a police dog and arrested. Hernandez searched Medina and found six plastic bags containing a Awhite powdery substance@ and fifty-five plastic baggies. On February 8, 2001, Medina was indicted for possession of cocaine with an intent to deliver; the indictment included one enhancement paragraph. On April 11, 2001, Medina=s appointed attorney filed a motion to withdraw, stating Medina wished to hire an attorney of his choice. On April 18, Thomas Williams filed a motion for substitution of counsel, stating he had been retained by Medina; the motion was granted on April 19.

Trial was scheduled to begin on June 18. On Thursday, June 14, 2001, Williams filed a motion to withdraw as Medina=s attorney, stating Medina Aindicated to this attorney that [Medina] no longer wished this attorney to represent him and requested that a Motion to Withdraw be filed with the Court.@ A hearing was held on the motion on June 15, and the district court denied the motion.

Jury selection and the guilt/innocence phase were conducted on June 20. Medina exercised only six of ten available peremptory challenges. The jury returned a guilty verdict after deliberating for about an hour. When court was reconvened the following morning for the punishment phase, Medina refused to leave his jail cell. Williams visited Medina and explained that the punishment phase would take place even without Medina=s presence, but he still refused to come to the courtroom. Williams said Medina did not seem angry, but did seem Adown for the count@; Williams asked that Medina be put on a suicide watch. The district court sent Medina an order informing him that the punishment phase would proceed without him, and Medina declined to attend. The district court then ruled on a number of motions, including overruling a motion for a continuance filed by Williams, and proceeded without Medina. The jury assessed

2

punishment at seventy-six years=confinement and an $8,000 fine. The following day, Medina attended the

sentencing hearing. The district court said,

> And I understand that Mr. Williams has already advised you of your right to appeal, and I
> have a written request that you had filed about your right C wanting to appeal, and we
> should have B Sharon is preparing an order appointing an attorney to represent you on your
> appeal for you to sign.
>
> * * *
>
> And Mr. Williams, you did instruct your client about his right to appeal, about notice for
> new trial, about any other matters that would be pending before he can get a court-
> appointed attorney?

Williams responded, A[W]hile I did not specifically address the right to file a Motion for New Trial, I did go

over with him his right of appeal and helped him prepare a request of notice of appeal and request for

appointment of an attorney.@ The record contains a handwritten note from Medina to the district court

dated AJune 21, 2001 at 9:00 p.m.,@ filed June 22, and stating:

> I am Magdaleno Medina and I want to appeal my conviction and sentence in this case. I
> am too poor to employ counsel to represent me on appeal, and I request that the court
> appoint an attorney to represent me.

On July 20, Medina, acting through his newly-appointed counsel, filed a timely motion for

new trial,[1] alleging he had received ineffective assistance of counsel because his trial counsel (1) exercised

---

[1] A motion for new trial is timely if filed within thirty days of the date the trial court imposes or suspends sentence in open court. Tex. R. App. P. 21.4(a). A trial court must rule on a motion for new trial within seventy-five days from the date of sentencing or the motion is deemed denied. *Id.* 21.8.

only six of his ten available peremptory challenges,[2] (2) failed to challenge the underlying arrest warrant,[3]

and (3) failed to file a timely application for bench warrants to have several witnesses brought to testify on

---

[2] To support his contention that he was harmed by this failure to exercise all ten strikes, Medina points to the panel member who eventually became the presiding juror. The panel member testified at voir dire that she had been the victim of a home burglary, that arrests had been made, and that the case might still be pending. She said, A[T]here is a possibility that the State would be representing me someday.@ She said she believed she could still be impartial and fair, but wanted to bring it to the district court=s attention.

[3] There is little testimony in the record regarding the underlying arrest warrant, which was not introduced into evidence and is not part of the appellate record. During the guilt/innocence phase, one of the arresting officers testified that Medina was arrested on October 2 under a felony arrest warrant alleging he had committed aggravated assault with a deadly weapon. During the punishment phase, Guillermo Regino testified that on September 29, Kenith Key ran up to him and stated that he had just been shot by Medina=s brother, Lee Ray Medina. Regino spoke with Key about eight days later, at which time Key changed his story and said Medina had shot him, not Lee Ray. Key, who was convicted of felony delivery of cocaine in 1994, testified that both Medina and Lee Ray were present when he was shot, but refused to say who shot him. Medina argues that the arrest warrant was based on false information given by Key, and that his trial counsel should have filed a motion to suppress the warrant and presented evidence supporting the motion to suppress.

Medina=s behalf.  The motion was set for a hearing on September 7.  The docket sheet indicates that on September 7, ACt advised [Medina] that the [Motion for] New Trial could not be heard because when [Medina] filed his pro se notice of Appeal the trial ct lost jurisd.@  The reporter=s record was filed in this Court on October 1, and the clerk=s record was filed on October 19.

On appeal, Medina urges that he received ineffective assistance of counsel because his trial counsel (1) failed to challenge his arrest and failed to present evidence that the affidavit on which the arrest warrant was based did not show probable cause for arrest; (2) wrongly advised Medina that he was allowed only six peremptory challenges and then failed to exercise four of the ten available challenges; and (3) advised Medina to file a *pro se* notice of appeal, Athereby depriving [Medina] of the right to an evidentiary hearing on a Motion for New Trial.@  The State counters that because Medina did not arrange to have the arrest warrant included in the record, there is nothing for this Court to review; Medina has not shown that the trial=s outcome would have been different had Medina=s trial counsel exercised the other four available peremptory challenges; and Medina=s *pro se* notice of appeal did not prejudice his rights because ineffective assistance of counsel claims may be raised for the first time on appeal.

To show ineffective assistance of counsel, a defendant must first show that his counsel=s performance fell below an objective standard of reasonableness, and second that the deficient performance prejudiced the defendant=s case.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Blevins v. State*, 18 S.W.3d 266, 271 (Tex. App.CAustin 2000, no pet.).  The defendant must overcome a strong presumption that his trial counsel=s performance fell within the range of reasonable professional assistance, and bears the burden of bringing

**5**

forth a record showing that his trial counsel=s performance was not based on sound trial strategy. *Thompson*, 9 S.W.3d at 813; *Blevins*, 18 S.W.3d at 271. Without an evidentiary hearing on the issue of whether trial counsel was effective, a defendant=s burden is difficult to meet and rarely will a reviewing court be able to find ineffective assistance of counsel. *Blevins*, 18 S.W.3d at 271-72 (quoting *Thompson*, 9 S.W.3d at 813).

The record indicates that the district court intended to hold a hearing on Medina=s motion for new trial. However, the parties and the district court appear to be under the misapprehension that Medina=s *pro se* notice of appeal deprived the district court of jurisdiction over his motion for new trial. A notice of appeal does not deprive a trial court of jurisdiction over a timely-filed motion for new trial; it is the filing of the record that shifts jurisdiction from the trial court to the appellate court. Tex. R. App. P. 25.2(e) (AOnce the record has been filed in the appellate court, all further proceedings in the trial court . . . will be suspended@); *Ex parte Drewery*, 677 S.W.2d 533, 536 (Tex. Crim. App. 1984) (en banc), *overruled on other grounds, Awadelkariem v. State*, 974 S.W.2d 721 (Tex. Crim. App. 1998) (en banc); *State v. Kelley*, 20 S.W.3d 147, 150 (Tex. App.CTexarkana 2000, no pet.); *see also Hall v. State*, 698 S.W.2d 150, 152 (Tex. Crim. App. 1985) (en banc).

By separate order, we will abate the appeal and remand the cause for the district court to conduct a hearing on Medina=s motion for new trial. *See Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993) (en banc) (reversing and remanding cause for hearing on motion for new trial). The court shall determine whether Medina=s motion for new trial is sufficient to raise the issue of ineffective assistance of counsel, and, if the court finds that it is, it shall conduct a hearing to determine whether Medina received

effective assistance of counsel at trial.  If the district court determines that Medina is entitled to a new trial, we will dismiss the appeal.  If the district court finds that Medina=s conviction should stand, we will have a complete record on which to evaluate Medina=s claims of ineffective assistance of counsel.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Abated and Remanded

Filed:  May 9, 2002

Do Not Publish