NUMBER 13-02-363-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




THE STATE OF TEXAS,                                                               Appellant,

v.

DAVID GUTIERREZ,                                                                      Appellee.




On appeal from the 94th District Court
of Nueces County, Texas.




OPINION ON REMAND
Before Justices Rodriguez, Castillo, and Wittig




Opinion by Justice Castillo

         The State of Texas appeals the trial court's reduction of appellee David
Gutierrez's sentence. On original submission, we dismissed the State's appeal after
we concluded we did not have jurisdiction because the State was appealing neither an
illegal sentence nor an order that arrests or modifies a judgment. State v. Gutierrez,
112 S.W.3d 203, 208 (Tex. App.–Corpus Christi 2003), rev'd, 129 S.W.3d 113 (Tex.
Crim. App. 2004). On the State's petition for discretionary review, however, the court
of criminal appeals held that the trial court's order purporting to reduce Gutierrez's
sentence qualifies as an order that "modifies a judgment," which the State may appeal
under article 44.01(a)(2). State v. Gutierrez, 129 S.W.3d 113, 115 (Tex. Crim.
App. 2004); see Tex. Code Crim. Proc. Ann. art. 44.01(a)(2) (Vernon Supp. 2004). 
Consistent with the mandate of the court of criminal appeals and guided by its
analysis, we now consider the State's appeal on the merits. We reverse and render. 
                                           I. ISSUE PRESENTED
         By one issue, the State contends that the trial court erred in reducing Gutierrez's
sentence after it lost plenary jurisdiction. The State asserts that the trial court had lost
jurisdiction when it reduced Gutierrez's sentence after the judgment was final, after
Gutierrez had filed and then withdrawn an appeal, and after this Court had issued its
mandate. On remand, we determine whether the trial court had jurisdiction to reduce
Gutierrez's sentence when it did so. 

II. PROCEDURAL HISTORY
         On May 17, 2001, a jury found Gutierrez guilty of state jail felony theft of
between $1,500 and $20,000.


 On September 17, 2001, on Gutierrez's specific
request,


 the trial court sentenced him to two years confinement in a state jail facility.
On October 1, 2001, Gutierrez timely filed a motion for new trial and a notice of
appeal. On October 4, 2001, he filed a motion to reform the judgment. A docket
entry reflects that the trial court denied the motion to reform on October 5, 2001. No
written order on the motion appears in the record. 
         On May 3, 2002, Gutierrez filed with the trial court a motion to reconsider his
sentence. On May 24, 2002, after the appellate record and briefs were filed, Gutierrez 
withdrew his notice of appeal. On June 6, 2002, we dismissed the appeal and issued
a mandate. 
         On June 21, 2002, after a hearing, the trial court reconsidered the sentence it
had imposed earlier. It heard the arguments of counsel at the hearing and, in view of
Gutierrez's completion of a drug rehabilitation program and his reconciliation with the
complaining witness, his mother, agreed to reduce the original sentence. The trial
court reduced Gutierrez's punishment to three hundred days in jail and a $2,000.00
fine. On June 25, 2002, the trial court signed a "Judgment on Defendant's Motion
for Reconsideration of Punishment" conforming to its pronouncement. The State filed
notice of appeal that same day. III. ANALYSIS
          To perform the required analysis, we take judicial notice of the appellate record
in Gutierrez's dismissed appeal. See Tex. R. Evid. 201. The filing of a notice of appeal
simply invokes appellate jurisdiction. Hall v. State, 698 S.W.2d 150, 152 (Tex. Crim.
App. 1985). The notice of appeal does not divest the trial court of jurisdiction to hear,
consider, and rule on a timely filed motion for new trial. Id. The filing of the appellate
record, not the notice of appeal, severs the trial court's jurisdiction to adjudicate the
case. Tex. R. App. P. 25.2(g); see Green v. State, 906 S.W.2d 937, 939 (Tex. Crim.
App. 1995) ("[O]nce the trial record has been filed with the Court of Appeals or this
Court, the trial court no longer has jurisdiction to adjudicate the case."); see also
Awadelkariem v. State, 974 S.W.2d 721, 729 (Tex. Crim. App. 1998) (Meyers, J.,
concurring). 
         Here, the trial court imposed the sentence from which Gutierrez appealed on
September 17, 2001. Gutierrez filed a motion for new trial and notice of appeal on
October 1, 2001. The record on appeal was not filed in this Court until January 7,
2002. Accordingly, the trial court retained plenary jurisdiction to rule on the motion for
new trial for seventy-five days from the date it imposed the sentence, or until
December 1, 2001. On that date, Gutierrez's motion for new trial was overruled by
operation of law. Tex. R. App. P. 21.6; Boulos v. State, 775 S.W.2d 8, 8 (Tex.
App.–Houston [1st Dist.] 1989, pet. ref'd). 
         Where the defendant has filed both a motion for new trial and a notice of appeal,
the effect of withdrawal of the notice of appeal is the same as if it had not been filed
and the appellant had proceeded first with the motion for new trial. Hall, 698 S.W.2d
at 152. In Hall, the appellate record had not been filed and the trial court was within
its seventy-five day plenary jurisdiction when the defendant withdrew his notice of
appeal. Id. Here, however, the trial court already had lost plenary jurisdiction before
the appellate record was filed. Accordingly, on withdrawal of Gutierrez's notice of
appeal, the case returned to the trial court in the same procedural posture it would have
been in had Gutierrez not filed a notice of appeal. See id. at 152 (Clinton, J.,
concurring) (observing that withdrawal of notice of appeal "should do no more than
return the cause to the trial court for whatever further proceedings were appropriate
and timely"). The trial court's seventy-five day plenary jurisdiction had expired. The
judgment, which on issuance of our mandate was no longer on appeal, was final and
unassailable.


 Accordingly, we find that the trial court had no jurisdiction to reduce
Gutierrez's sentence after receiving our mandate. We hold that the trial court's
attempted re-sentencing on June 21, 2002 was null and void and of no legal effect. 
See Green, 906 S.W.2d at 939. We sustain the State's sole issue. 

 IV. CONCLUSION
         On remand, we grant the State's motion that we take judicial notice of the record
in cause number 13-01-685-CR. We reverse the trial court's judgment reforming the
sentence, vacate the reduced sentence, and reinstate the original sentence imposed on
September 17, 2001 as reflected in the trial court's judgment dated October 5, 2001. 
 
                                                               ERRLINDA CASTILLO
                                                               Justice
 
Publish.
Tex. R. App. P. 47.2(b).
 
Opinion delivered and filed
this 12th day of August, 2004.