

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1406-14

**JOSE RAMIRO DELAROSA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

RICHARDSON, J., delivered the opinion of the Court in which KELLER, P.J., JOHNSON, KEASLER, HERVEY, ALCALA, YEARY, and NEWELL, JJ., joined. MEYERS, J., dissented.

## O P I N I O N

A jury convicted appellant of unauthorized use of a motor vehicle on July 9, 2014, and the trial court entered judgment and certificate of right to appeal. The issue before this Court arises from the events that followed.

### The Time Line

Except as noted, all dates are from 2014.

July 9      The trial judge entered judgment and a certificate of right to appeal. TEX. R. APP. P. 25.2(d).

August 1        Appellant timely filed his *pro se* notice of appeal. Tex. R. App. P. 25.2(b), (c).

August 5        The trial judge appointed appellate counsel.

August 6         Appellate counsel timely filed a motion for new trial, which is file-stamped August 6 and on which the trial court circled "granted" and signed the motion. Tex. R. App. P. 21.4. While we do not know whether the trial court ruled on the motion on August 6 or at a later time, we can establish that it granted the motion before September 22, because on that date—the 75[1] day after sentencing[1]—the court of appeals notes appellant's motion to dismiss his appeal and the State's counter-motion to abate the appeal, both based on the grant of a new trial. Both the motion and grant of new trial were thus timely.

August 12       Designation of the appellate record was filed with county clerk.

September 5     The clerk's record was filed.

September 12    The reporter's record was filed. At this point, the trial court lost jurisdiction to act. "Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." Tex. R. App. P. 25.2(g).

September 22    Appellant moved to dismiss appellant's appeal, and the State filed a motion to abate. This date marks 75 days after judgment and sentence.

October 2       Because of the grant of a new trial, the court of appeals dismissed appellant's appeal for lack of jurisdiction. *Delarosa v. State*, No. 05-14-01020-CR, 2014 Tex. App. LEXIS 11034 (Tex. App.—Dallas October 2, 2014) (not designated for publication).

October 16      The State filed its timely petition for discretionary review.

---

[1] Tex. R. App. P. 21.6.

October 20   Appellant filed a response to the State's petition and, based on the grant of a new trial, moved to dismiss the State's petition.

November 4   The court of appeals' record was received by this Court.

December 17  The trial court entered a new judgment, memorializing that the State and appellant had agreed on a plea bargain and had disposed of the case for one year in state jail. The judgment notation about the award of back-time indicates that appellant should have discharged his sentence on or about March 6, 2015.

January 28, 2015   This court granted review of the State's petition. *Delarosa v. State*, PD-1406-14, 2015 Tex. Crim. App. LEXIS 57 (Tex. Crim. App. January 28, 2015) (not designated for publication).

Because the trial court had entered a new judgment, appellant moved to dismiss the State's petition as moot. We ordered the parties to brief the issue of whether the trial court had jurisdiction to enter a new judgment after the State filed its petition. We conclude that it did not; it lost jurisdiction on September 12 when the record was filed.

**Analysis**

A timely notice of appeal invokes the jurisdiction of the appropriate court of appeals. *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996). But the filing of a notice of appeal does not divest the trial court of jurisdiction to hear and rule on an otherwise timely filed motion for new trial. *Hall v. State*, 698 S.W.2d 150 (Tex. Crim. App. 1985). However, the State has the right to appeal the grant of a new trial. *State v. Gonzalez*, 855 S.W.2d 692 (Tex. Crim. App. 1993). Even after notice of appeal has been filed, the trial court retains jurisdiction to, among other things, supplement and approve the record for forwarding to the appropriate court of appeals. *Homan v. Hughes*, 708 S.W.2d 449 (Tex. Crim. App. 1986). Only when the record has been filed in the appellate court are further proceedings in the trial court suspended. *Id.;* TEX. R. APP. P. 25.2(g).

The State has filed a motion urging this Court to deny appellant's motion to dismiss the State's petition for discretionary review, asserting that: the assistant district attorney who filed that motion did not remember pleading the case; the assistant district attorney who signed the plea-bargain papers, appellant, and appellant's counsel signed the papers on December 10, but the judge didn't sign until December 17, so the judgment "was entered as a result of some type of mistake or misunderstanding;" and the assistant district attorney who signed the papers told the filing assistant district attorney that appellant had rejected the plea bargain offer and that the assistant district attorney "never participated in any actual plea bargain hearing regarding appellant's case."

The State argues that these things rebut the presumption of regularity, but it does not offer an explanation for why the trial court would sign the papers if either appellant rejected the offer or the State was not represented at sentencing by an assistant district attorney, or why the original grant of a new trial was a mistake when the trial court, by effectively holding a new trial, behaved as if it fully intended to grant such a trial.

The record reflects that the trial court granted a new trial. That the trial court's grant of a new trial was intended is supported by the trial court's decision to accept both appellant's plea of guilty and the parties' agreed plea bargain during the improper hearing in December. The record also reflects that, in the December 17 hearing, appellant pled guilty to the charges pursuant to a plea bargain, that every entity involved responded as if the proceeding were valid, and that appellant should have discharged his sentence on or about March 6, 2015.[2]

---

[2] If he had discharged the sentence assessed during the December proceeding, he would not appear on TDCJ's website as being in custody, and in fact, he does not. However, it is not uncommon for state jail short-timers, such as appellant, to serve out their sentences in the county jail–never making it into formal TDCJ custody–but appellant also does not appear to be in Dallas County's custody.

**Conclusion**

The trial court did not have jurisdiction over this case after the record was filed in the court of appeals, but the record supports a finding that the valid grant of a new trial is still pending. We therefore dismiss the State's petition for discretionary review as improvidently granted. After the court of appeals issues its mandate, jurisdiction will return to the trial court for further proceedings.

Delivered: April 29, 2015
Do not publish