**Donald Leonard HALL & Russell Edward White, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 1218–84, 467–84.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 16, 1985.

Douglas O'Brien, Houston, on appeal only, for appellant Hall.

Neil C. McCabe, Houston, on appeal only, for appellant White.

John B. Holmes, Jr., Dist. Atty., and James C. Brough and Brian Johnson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANTS' PETITION
FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

The issue of appellate jurisdiction is before us in almost identical fashion for appellant Hall and appellant White. A jury found Hall guilty of aggravated robbery and the court assessed punishment at life imprisonment in accord with V.T.C.A. Penal Code, Sec. 12.42(d). Hall orally gave notice of appeal on July 21, 1983, the same day on which he was found guilty and sentenced. Hall filed a motion for new trial on August 8. Then, on August 30, Hall filed, in the First Court of Appeals, a "Motion to Withdraw Premature Notice of Appeal." On September 16, the Court of Appeals granted the motion to withdraw notice of appeal and issued a mandate to the district court ordering the appeal dismissed. The trial court overruled Hall's motion for new trial on October 4, and Hall filed notice of appeal. The Fourteenth Court of Appeals then issued an opinion stating in pertinent part:

.... The record on appeal includes an opinion and mandate of the First Court of Appeals dismissing the appeal in Cause No. 374,127. *Hall v. State*, No. 01–83–0509–CR (Tex.App.—Houston [1st Dist.], September 16, 1983) (unpublished). That opinion specifies:

'The appellant has filed in this court a request, personally signed by appellant, to have his notice of appeal withdrawn ... appellant's request is granted ...'

The judgment of the Court of Appeals, as reflected in its mandate, dismissed the appeal.

Such a judgment is final. Exclusive post-conviction jurisdiction of the case passed to the Court of Criminal Appeals pursuant to TEX.CODE CRIM.PROC. ANN. art. 11.07. That court has issued no writ nor granted an out-of-time appeal. This court acquired no jurisdiction to entertain the second notice of appeal or to consider an out-of-time appeal under TEX. CODE CRIM.PROC.ANN. art. 44.08(e).

Accordingly, the appeal is ordered dismissed for want of jurisdiction.

Appellant White's case is similar except that he filed a request to withdraw his notice of appeal before he filed his motion for new trial. A jury convicted White of attempted aggravated sexual abuse [1] and assessed punishment at fifteen years' confinement in accord with V.T.C.A. Penal Code, Sec. 12.42(b). White was sentenced on January 5, 1984, and gave notice of appeal on January 12. On February 3, White filed a request to have his notice of appeal withdrawn and on that same day the First Court of Appeals granted his request and issued a mandate to the trial court ordering the appeal dismissed. White filed a motion for new trial on February 6.[2] The motion was overruled by the trial court on March 2, at which time White gave notice of appeal. The Fourteenth Court of Appeals then issued an opinion identical to that issued in Hall's case except for the name of the appellant. We granted appellants' petitions for discretionary review to consider the action of the Court of Appeals in dismissing the appeals for want of jurisdiction.

The procedure followed by both appellants is consistent with conscientious practice in order to preserve the right to appeal under past decisions of this Court. *Menasco v. State*, 503 S.W.2d 273 (Tex.Cr.App. 1973); *Martin v. State*, 153 Tex.Cr.R. 470, 221 S.W.2d 605 (1949); *Tyson v. State*, 146 Tex.Cr.R. 128, 171 S.W.2d 496 (1943); *Tores v. State*, 74 Tex.Cr.R. 37, 166 S.W. 523 (1914). The careful defense attorneys, obviously aware of past decisions holding that notice of appeal filed prior to a motion for new trial was ineffective, withdrew those notices and timely filed "new" notices of appeal after the overruling of the

---

1. This was an offense under the then-effective V.T.C.A. Penal Code, Sec. 21.04.

2. The 30th day after sentencing fell on a Saturday. Under Tex.R.Crim.App.P. 7, filing the motion on the next Monday, February 6, was timely.

**152** ■ ▬▬▬▬▬

motion for new trial. See Art. 44.08(b), V.A.C.C.P. The issue presented is whether the granting of a request to withdraw notice of appeal in the Court of Appeals constitutes a final judgment.

If, as the Fourteenth Court held, the dismissal terminated the case and rendered it a final conviction, then the trial court had no authority to rule on the otherwise timely filed motion for new trial after the "mandate" issued from the Court of Appeals. In light of *Ex Parte Drewery*, 677 S.W.2d 533 (Tex.Cr.App.1984), which had not been handed down at the time of the Court of Appeals' decision, this holding cannot stand.

In *Ex Parte Drewery* we held that the filing of a notice of appeal does not divest the trial court of jurisdiction to hear and rule upon an otherwise timely filed motion for new trial. Analogous to this, we now hold that the withdrawal of a notice of appeal in the Court of Appeals does not divest the trial court of jurisdiction to hear and rule upon an otherwise timely filed motion for new trial. Nor does it prevent an accused from appealing therefrom under art. 44.08(b), V.A.C.C.P.

The notice of appeal simply invokes the jurisdiction of the Court of Appeals. *Ex Parte Drewery*, supra; Art. 44.08(b), V.A.C.C.P. Art. 44.08(a) does not penalize an accused for withdrawing his notice of appeal. Nor does it divest the trial court of its still existing jurisdiction to rule on a timely filed motion for new trial. Cf. *Ex Parte Drewery*, supra; *Tyson*, supra; cf. *Bankston v. State*, 80 Tex.Cr.R. 629, 192 S.W. 1064 (1917). The dismissal does not constitute a final conviction. The effect of withdrawal is the same as if no notice of appeal had been filed and appellants had proceeded first with motions for new trial.

Appellants point out that this Court has repeatedly held that once a motion for new trial is timely filed a notice of appeal filed prior to the overruling of a motion for new trial is untimely and as such is ineffective. The rationale for this seems to be that if a notice of appeal is filed, the action of the trial court in subsequently "reassuming" jurisdiction by considering a motion for new trial is tantamount to a withdrawal of notice of appeal. cf. *Tyson*, supra; cf. *Bankston*, supra. Appellants realized this and, in accord with Art. 44.08(b), "refiled" notice of appeal after the overruling of their motions for new trial, thus "re-invoking" the jurisdiction of the Court of Appeals.[3] A notice of appeal "may be withdrawn by a defendant at any time prior to a decision of the Court of Appeals," *without leave of court.* Withdrawal of notice of appeal is purely an administrative routine: All one must do is write it out, sign it and file it in duplicate with the clerk of the appellate court; the clerk then forwards the duplicate to the clerk of the trial court. Article 44.08(a).

There has been no final judgment. The cases are not now at a post conviction stage. The cases are remanded to the court of appeals with orders to consider the grounds raised by appellants on appeal.

ONION, P.J., concurs in the result.

TOM G. DAVIS, J., not participating.

---

**3.** Both of these cases involve timely filed notices of appeal, under art. 44.08(b), subsequent to the overruling of a motion for new trial. We do not address the issue of the validity of a notice of appeal followed by a motion for new trial and no additional notice of appeal. See *Ex Parte Drewery* at 537–538, supra, Miller, J. concurring. However, we note that the language of

art. 44.08(b) seems to be mandatory that a notice *"shall* be filed within 15 days *after* overruling of the motion or amended motion for new trial ...." We also point out that in such a case the accused may have recourse by way of a claim of ineffective assistance of counsel. *Evitts v. Lucey,* ── U.S. ──, 105 S.Ct. 830, 82 L.Ed.2d 821 (1985).