The STATE of Texas, Appellant,

v.

David GUTIERREZ, Appellee.

No. 13–02–363–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 12, 2004.

Carlos Valdez, Nueces County District Attorney, Douglas K. Norman, Asst. District Attorney, Corpus Christi, for appellant.

Michael W. Gordon, Corpus Christi, for appellee.

Before Justices RODRIGUEZ, CASTILLO, and WITTIG [1]

## OPINION ON REMAND

CASTILLO, Justice.

The State of Texas appeals the trial court's reduction of appellee David Gutierrez's sentence. On original submission, we dismissed the State's appeal after we concluded we did not have jurisdiction because the State was appealing neither an illegal sentence nor an order that arrests

or modifies a judgment. *State v. Gutierrez,* 112 S.W.3d 203, 208 (Tex.App.-Corpus Christi 2003), *rev'd,* 129 S.W.3d 113 (Tex. Crim.App.2004). On the State's petition for discretionary review, however, the court of criminal appeals held that the trial court's order purporting to reduce Gutierrez's sentence qualifies as an order that "modifies a judgment," which the State may appeal under article 44.01(a)(2). *State v. Gutierrez,* 129 S.W.3d 113, 115 (Tex.Crim.App.2004); *see* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2) (Vernon Supp.2004). Consistent with the mandate of the court of criminal appeals and guided by its analysis, we now consider the State's appeal on the merits. We reverse and render.

## I. ISSUE PRESENTED

By one issue, the State contends that the trial court erred in reducing Gutierrez's sentence after it lost plenary jurisdiction. The State asserts that the trial court had lost jurisdiction when it reduced Gutierrez's sentence after the judgment was final, after Gutierrez had filed and then withdrawn an appeal, and after this Court had issued its mandate. On remand, we determine whether the trial court had jurisdiction to reduce Gutierrez's sentence when it did so.

## II. PROCEDURAL HISTORY

On May 17, 2001, a jury found Gutierrez guilty of state jail felony theft of between $1,500 and $20,000.[2] On September 17, 2001, on Gutierrez's specific request,[3] the trial court sentenced him to two years

---

**1.** Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp.2004).

**2.** TEX. PEN. CODE ANN. § 31.03 (Vernon Supp.2004).

**3.** Gutierrez did not file an application for probation and adamantly refused to accept probation.

confinement in a state jail facility. On October 1, 2001, Gutierrez timely filed a motion for new trial and a notice of appeal. On October 4, 2001, he filed a motion to reform the judgment. A docket entry reflects that the trial court denied the motion to reform on October 5, 2001. No written order on the motion appears in the record.

On May 3, 2002, Gutierrez filed with the trial court a motion to reconsider his sentence. On May 24, 2002, after the appellate record and briefs were filed, Gutierrez withdrew his notice of appeal. On June 6, 2002, we dismissed the appeal and issued a mandate.

On June 21, 2002, after a hearing, the trial court reconsidered the sentence it had imposed earlier. It heard the arguments of counsel at the hearing and, in view of Gutierrez's completion of a drug rehabilitation program and his reconciliation with the complaining witness, his mother, agreed to reduce the original sentence. The trial court reduced Gutierrez's punishment to three hundred days in jail and a $2,000.00 fine. On June 25, 2002, the trial court signed a "Judgment on Defendant's Motion for Reconsideration of Punishment" conforming to its pronouncement. The State filed notice of appeal that same day.

### III. ANALYSIS

■ To perform the required analysis, we take judicial notice of the appellate record in Gutierrez's dismissed appeal. *See* TEX. R. EVID. 201. The filing of a notice of appeal simply invokes appellate jurisdiction. *Hall v. State,* 698 S.W.2d 150, 152 (Tex.Crim.App.1985). The notice of appeal does not divest the trial court of jurisdiction to hear, consider, and rule on a timely filed motion for new trial. *Id.* The filing of the appellate record, not the notice of appeal, severs the trial court's jurisdiction to adjudicate the case. TEX. R. APP. P. 25.2(g); *see Green v. State,* 906 S.W.2d 937, 939 (Tex.Crim.App.1995) ("[O]nce the trial record has been filed with the Court of Appeals or this Court, the trial court no longer has jurisdiction to adjudicate the case."); *see also Awadelkariem v. State,* 974 S.W.2d 721, 729 (Tex. Crim.App.1998) (Meyers, J., concurring).

■ Here, the trial court imposed the sentence from which Gutierrez appealed on September 17, 2001. Gutierrez filed a motion for new trial and notice of appeal on October 1, 2001. The record on appeal was not filed in this Court until January 7, 2002. Accordingly, the trial court retained plenary jurisdiction to rule on the motion for new trial for seventy-five days from the date it imposed the sentence, or until December 1, 2001. On that date, Gutierrez's motion for new trial was overruled by operation of law. TEX. R. APP. P. 21.6; *Boulos v. State,* 775 S.W.2d 8, 8 (Tex.App.-Houston [1st Dist.] 1989, pet. ref'd).

■ Where the defendant has filed both a motion for new trial and a notice of appeal, the effect of withdrawal of the notice of appeal is the same as if it had not been filed and the appellant had proceeded first with the motion for new trial. *Hall,* 698 S.W.2d at 152. In *Hall,* the appellate record had not been filed and the trial court was within its seventy-five day plenary jurisdiction when the defendant withdrew his notice of appeal. *Id.* Here, however, the trial court already had lost plenary jurisdiction before the appellate record was filed. Accordingly, on withdrawal of Gutierrez's notice of appeal, the case returned to the trial court in the same procedural posture it would have been in had Gutierrez not filed a notice of appeal. *See id.* at 152 (Clinton, J., concurring) (observing that withdrawal of notice of appeal "should do no more than return the cause to the trial court for whatever further proceedings were appropriate and

timely"). The trial court's seventy-five day plenary jurisdiction had expired. The judgment, which on issuance of our mandate was no longer on appeal, was final and unassailable.[4] Accordingly, we find that the trial court had no jurisdiction to reduce Gutierrez's sentence after receiving our mandate. We hold that the trial court's attempted re-sentencing on June 21, 2002 was null and void and of no legal effect. *See Green*, 906 S.W.2d at 939. We sustain the State's sole issue.

## IV. CONCLUSION

On remand, we grant the State's motion that we take judicial notice of the record in cause number 13-01-685-CR. We reverse the trial court's judgment reforming the sentence, vacate the reduced sentence, and reinstate the original sentence imposed on September 17, 2001 as reflected in the trial court's judgment dated October 5, 2001.

4. This appeal does not present, nor do we address, what effect the withdrawal of a notice of appeal would have if the appellate record was filed before expiration of the trial court's seventy-five day plenary jurisdiction.