NUMBER 13-05-00784-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


THE STATE OF TEXAS, Appellant,


v.



CASSANDRA VASQUEZ, Appellee.

 


On appeal from the 103rd District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 The State appeals from the trial court's order modifying a judgment of conviction. (1) 
In a single issue, the State contends the trial court erred in modifying the judgment of
conviction and sentence 170 days after the court imposed the original sentence. We
agree.

 On June 30, 2005, pursuant to a plea agreement appellee, Cassandra Vasquez,
pleaded guilty to the offense of robbery. After accepting appellee's plea, the trial court
followed the plea agreement and sentenced appellee to five years' imprisonment. 
Appellee did not file a motion for new trial.

 On December 1, 2005, appellee filed a "Motion to Impose Community Supervision,"
requesting that the trial court grant her shock probation. On December 16, 2005, the trial
court heard and denied appellee's motion. Nevertheless, immediately thereafter, the trial
court, sua sponte, modified the original judgment and reduced appellee's sentence to three
years' imprisonment.

 The State timely filed its notice of appeal on December 21, 2005. In its brief, the
State argues that the trial court's plenary jurisdiction expired thirty days after the court
imposed the original sentence, and thus, it had no authority to reduce appellee's sentence. 
Appellee's appointed appellate counsel filed a brief conceding that the State's argument
is accurate and valid.

 On May 18, 2006, this Court (1) granted appellee's motion for extension of time to
file a pro se brief and (2) ordered that any pro se brief be filed on or before June 9, 2006. 
No such brief has been filed.

 The law is clear. A trial court's plenary jurisdiction to modify its sentence expires
thirty days after sentencing unless a defendant files a motion for new trial or motion in
arrest of judgment within that thirty-day period. Tex. R. App. P. 21.4, 22.3; State v.
Aguilera, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005). The record is devoid of any
motion for new trial or motion in arrest of judgment extending the court's plenary
jurisdiction. Therefore, we conclude that the trial court lacked jurisdiction to reduce
appellee's sentence.

 We hold that the trial court's judgment of December 16, 2005, attempting to re-sentence appellee, is null and void, and of no legal effect. See State v. Gutierrez, 143
S.W.3d 829, 832 (Tex. App.-Corpus Christi 2004, no pet.). Accordingly, we vacate the trial
court's judgment of December 16, 2005.

 We reinstate the trial court's original sentence of five years' imprisonment as set
forth in the trial court's judgment of June 30, 2005.



 FEDERICO G. HINOJOSA

 Justice



Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this the 3rd day of August, 2006.
1. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(2) (Vernon Supp. 2005).