

NUMBER 13-12-071-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JERRY KEITH REEVES,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

**On appeal from the 128th District Court
of Orange County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Garza[1]**

Appellant, Jerry Keith Reeves, pleaded guilty to felony theft of less than $20,000, a state-jail felony offense. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4) (West Supp. 2011). The trial court sentenced appellant to two years confinement in state jail, assessed restitution at $20,208.39, suspended the sentence, and placed appellant on

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

community supervision for a period of five years.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3 (West Supp. 2011).

The State later filed a motion to revoke appellant's community supervision. Pursuant to an amended plea agreement, appellant's community supervision was extended for an additional five years.  In 2010, the State filed another motion to revoke appellant's community supervision, alleging various violations of the conditions of appellant's community supervision.  Appellant pleaded "true" to several of the State's allegations.  Following a hearing on December 19, 2011, the trial court accepted appellant's plea of "true," revoked appellant's community supervision, and assessed appellant's punishment at twelve months' confinement in a state jail facility.

## I. *ANDERS* BRIEF

Appellant's appellate counsel has filed a motion to withdraw and a brief in support thereof in which she states that she has diligently reviewed the entire record and has concluded that there is no reversible error.  *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court that she has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[2]  *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  More than an adequate time has passed, and no

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

pro se response has been filed.  *See In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).[3]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief, and find that the appeal is wholly frivolous and without merit.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.");  *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has filed a motion to withdraw as his appellate counsel.  *See Anders*, 386 U.S. at 744;  *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant the motion to withdraw.

---

[3] We note that on July 11, 2012, appellant filed pro se motion to withdraw his appeal and "return" the case to the trial court.  Appellant's counsel subsequently signed the motion.  We deny appellant's motion because the trial court no longer has jurisdiction over the case.  *See State v. Gutierrez*, 143 S.W.3d 829, 831 (Tex. App.—Corpus Christi 2004, no pet.) ("The filing of the appellate record, not the notice of appeal, severs the trial court's jurisdiction to adjudicate the case.");  *see also Berry v. State*, 995 S.W.2d 699, 700 (Tex. Crim. App. 1999) ("[O]nce the trial court has submitted the record to the court of appeals, the trial court loses jurisdiction until it receives a mandate from the appellate court.").

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgments to appellant and advise him of his right to file a petition for discretionary review.[4]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
9th day of August, 2012.

---

[4] No substitute counsel will be appointed.  Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* R. 68.4.