**Opinion issued July 29, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01121-CR

————————————

**KENNETH JAMES HUDSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1294461**

---

## MEMORANDUM OPINION

Appellant Kenneth James Hudson was charged with aggravated robbery with a deadly weapon for approaching a woman with a knife and stealing her car. A jury found Hudson guilty and assessed his punishment at 25 years in prison. On appeal, Hudson raises two issues: (1) his trial counsel rendered ineffective

assistance, and (2) there was insufficient evidence to support the costs assessed in the judgment. We affirm.

## Background

During the punishment phase, the trial court admitted into evidence four prior judgments of conviction, along with a stipulation detailing Hudson's criminal history. One of those judgments, the 2009 judgment, indicated that as part of a plea bargain, the State moved "to reduce charge from a 1st degree felony to a state jail felony," and, as a result, Hudson was convicted of the offense of theft against a person.

In the State's closing argument in punishment, the prosecutor asked for a sentence of 50 years. The prosecutor argued that a punishment in the middle of the 5–99 year range was justified based on Hudson's criminal history, and she emphasized that Hudson did not deserve another second chance. The prosecutor specifically argued that in a previous case, Hudson initially had been charged with a first degree felony, but the State gave Hudson a second chance and reduced it to a state jail felony.

The jury sentenced Hudson to 25 years. On November 28, 2012, the trial court entered judgment and assessed court costs in the amount of $329.00. Hudson appealed, and the trial court later increased the amount of court costs assessed to $374.00, by a judgment nunc pro tunc entered on March 12, 2012.

2

**Ineffective Assistance of Counsel**

In his first issue, Hudson contends that his trial counsel rendered ineffective assistance because counsel "failed to object to a judgment which included language indicating [he] was originally charged with a greater offense than the offense for which [he] was convicted."

## A. Standard of Review and Applicable Law

Both the federal and state constitutions guarantee an accused the right to have the assistance of counsel. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (West Supp. 2013). The right to counsel includes the right to reasonably effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686–87, 104 S. Ct. 2052, 2063–64 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). Both state and federal claims of ineffective assistance of counsel are evaluated under the two prong analysis of *Strickland*. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The first prong requires the appellant to demonstrate that counsel's performance was deficient, meaning that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The second prong requires the appellant to show that counsel's deficient performance prejudiced the defense. *Id.* To establish prejudice, the appellant must prove there is a reasonable probability

that but for counsel's deficient performance, the result of the proceeding would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). On direct appeal, a reviewing court will rarely be able to fairly evaluate the merits of an ineffective-assistance claim because the record on direct appeal is usually undeveloped and inadequately reflective of the reasons for defense counsel's actions at trial. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). The lack of a clear record usually will prevent the appellant from meeting the first prong of *Strickland*, as the reasonableness of counsel's choices and actions during trial can be proven deficient only through facts that do not normally appear in the appellate record. *Id.*

In order for an appellate court to find on direct appeal that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). When the record is silent as to counsel's reasons for his conduct, finding counsel ineffective would call for speculation by the appellate court. *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). An appellate court will not speculate about the reasons underlying defense counsel's decisions to find

counsel ineffective. *Id.*; *see Jackson*, 877 S.W.2d at 771. If appellant does not file a motion for new trial or request a hearing, or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective assistance claim on direct appeal. *Stults*, 23 S.W.3d at 208–09.

**B.    Analysis**

Four judgments reflecting Hudson's prior convictions were admitted during punishment. They showed that Hudson received: (1) a nine-month probated sentence for the misdemeanor offense of terroristic threat in 2007, (2) a probated sentence to the Texas Youth Division for the misdemeanor offense of theft of property in 2008, (3) a probated sentence to the Texas Youth Commission for burglary of habitation with intent to commit theft in 2008,[1] and (4) a two-year conviction for the state jail felony offense of theft from a person in 2009. Trial counsel did not object to the admission of any of the judgments.

Hudson contends that his trial counsel rendered ineffective assistance by not objecting to the admission of the 2009 judgment for theft from a person, which said: "Terms of Plea Bargain: 2 Years State Jail. State moves to reduce charge from a 1st Degree Felony to a State Jail Felony 230088." Relying on *Davis v. State*, 642 S.W.2d 510 (Tex. Crim. App. 1982), Hudson contends that unadjudicated

---

[1]    Although the judgment for the burglary of habitation conviction does not indicate as much, we presume it was a second degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011) ("Except as provided in Subsection (d), an offense under this section is a felony of the second degree if committed in a habitation.").

offenses are inadmissible. Therefore, he argues, the presumption that counsel had a strategy and acted reasonably and professionally should not apply because no reasonable trial counsel would have failed to object to the 2009 judgment on the basis that it stated the charged but unadjudicated offense was a first degree felony.

In *Davis*, the prior judgment showed that the defendant was indicted for the felony offense of theft of an automobile, and that the charge was reduced to unauthorized use of an automobile, a class A misdemeanor. *Id.* at 513. The *Davis* court held that it was error to admit the judgment because article 37.07 of the Code of Criminal Procedure prevented the State from admitting evidence of unadjudicated offenses. *Id.* at 513–14. The *Davis* court went on to conclude that the error was harmless because the State did not mention the greater charged offense in closing and "[t]he record does not reflect that the jury ever requested or received the judgment of conviction." *Id.* at 514.

The version of article 37.07 in effect in 1982, when the Court of Criminal Appeals decided *Davis*, provided that the State could not admit evidence of an unadjudicated extraneous offense during the punishment phase. *See Grunsfeld v. State*, 843 S.W.2d 521, 526 (Tex. Crim. App. 1992). But article 37.07 was amended in 1993, and under the new version, evidence of unadjudicated offenses is admissible so long as the unadjudicated offense is proven beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (West Supp. 2013);

6

*Peters v. State*, 31 S.W.3d 704, 715–16 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (stating that 1993 amendments to article 37.07 made evidence of unadjudicated extraneous offenses admissible at punishment). Accordingly, unadjudicated offenses are no longer categorically inadmissible, as Hudson contends. Moreover, the courts of appeals, including this one, have reasoned that failure to object to an unadjudicated offense could be part of a reasonable strategy. *See Watkins v. State*, No. 10-02-042-CR, 2003 WL 21357267, at *4 (Tex. App.— Waco June 11, 2003, pet. ref'd) (mem. op., not designated for publication) (presuming trial counsel's failure to object to appellant's criminal history report including unadjudicated offenses was reasonable because record was silent as to why he did not object); *Smith v. State*, No. 01-95-01448-CR, 1996 WL 711254, at *2 (Tex. App.—Houston [1st Dist.] Dec. 12, 1996, pet. ref'd) (mem. op., not designated for publication) (decision not to object to evidence of unadjudicated offense could be well-considered trial strategy if counsel knew that the allegations were true, that the State could prove them, and attorney did not want to "provoke the State into putting on witnesses whose testimony could be terribly damning to his client"); *Heiman v. State*, 923 S.W.2d 622, 626–27 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (holding that failure to object to inadmissible unadjudicated extraneous offense testimony, in the absence of record showing counsel's reasons

for not doing so, did not rise to level of ineffective assistance because failure to object could have been part of counsel's sound and plausible trial strategy).

Because Hudson has neither shown that his trial counsel's actions at trial were "so outrageous that no reasonable competent trial attorney would have done likewise," and the record is silent as to trial counsel's strategy, we presume counsel's conduct was reasonable and professional. *See Mata*, 226 S.W.3d at 433; *see also Stults*, 23 S.W.3d at 208; *Jackson*, 877 S.W.2d at 771. Accordingly, we hold that Hudson failed to satisfy the first prong of *Strickland*.

We overrule Hudson's first issue.

## Court Costs

In his second issue, Hudson argues that the evidence is insufficient to support the assessment of costs in the amount of $329.00 or $374.00 and that the trial court lacked jurisdiction to enter judgment nunc pro tunc increasing the amount of costs assessed from $329.00 to $374.00. We address the jurisdictional issue first.

Hudson contends that the trial court lacked jurisdiction to enter judgment nunc pro tunc. We agree. "Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." TEX. R. APP. P. 25.2(g).

Here, the trial court signed the judgment assessing court costs in the amount of $329.00 on November 28, 2012.  Hudson filed a notice of appeal on the same date.  The reporter's record was filed in this court on March 3, 2013, and the clerk's record was filed on March 11, 2013.  A visiting judge signed the purported judgment nunc pro tunc assessing costs in the amount of $374.00 on March 12, 2013.  The next day, March 13, 2013, the district clerk filed a supplemental record containing the order on entry of judgment nunc pro tunc and the original and revised judgments, together with an itemized J.I.M.S. cost bill assessment, which reflected that Hudson was assessed court costs in the amount of $374.00.  The purported judgment nunc pro tunc was entered after Hudson appealed and after the record had been filed in the appellate court.  *See* TEX. R. APP. P. 25.2(g).  Accordingly, we hold that the trial court lacked jurisdiction to enter a nunc pro tunc judgment on March 12, 2013.  *See* TEX. R. APP. P. 23.1, 25.2(g); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) ("[O]nce the trial record has been filed with the Court of Appeals or this Court, the trial court no longer has jurisdiction to adjudicate the case."); *State v. Gutierrez*, 143 S.W.3d 829, 831 (Tex. App.—Corpus Christi 2004, no pet.) ("The filing of the appellate record . . . severs the trial court's jurisdiction to adjudicate the case."); *cf. Meineke v. State*, 171 S.W.3d 551, 558 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding that filing of notice of appeal did not deprive trial court of jurisdiction when appellate

9

record had not yet been filed); *Ware v. State*, 62 S.W.3d 344, 353–54 (Tex. App.—Fort Worth 2001, pet. ref'd) (holding that entry of nunc pro tunc judgment was not untimely when entered after filing of notice of appeal and before filing of appellate record in court of appeals).

Having concluded that the trial court entered the purported nunc pro tunc judgment without jurisdiction, we consider Hudson's challenges to the court costs. Hudson contends that the evidence is insufficient to support the assessment of court costs in the amount of $329.00 or $374.00. He argues that the J.I.M.S. cost bill assessment is not a proper bill of costs because it is a computer screen print out and that there is no evidence that the cost bill was presented to the trial court at the time of judgment. We reject these arguments because the Court of Criminal Appeals has held that the cost bill assessment need not be presented to the trial court and that the J.I.M.S. cost bill assessment is sufficient to support court costs. *See Johnson v. State*, 423 S.W.3d 385, 391–94 (Tex. Crim. App. 2014).

"[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Id.* at 390. We review the sufficiency of the evidence supporting the award of costs in the light most favorable to the trial court's judgment. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403

10

S.W.3d 377, 385 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 423 S.W.3d 396 (Tex. Crim. App. 2014).

A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees. *See Johnson*, 423 S.W.3d at 394. The record shows that Hudson was convicted of a felony in district court, supporting each of the following court costs:

(1) $133.00 consolidated court cost for conviction of a felony;[2]

(2) $70.00 for summoning fourteen witnesses;[3]

(3) $50.00 for executing or processing an issued arrest warrant, capias, or capias pro fine;[4]

(4) $40.00 to the clerk's office;[5]

(5) $25.00 district court records preservation fee;[6]

---

[2] TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2013) ("A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony").

[3] TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(3) (West Supp. 2013) ("A defendant convicted of a felony or a misdemeanor shall pay . . . $5 for summoning a witness.").

[4] *Id.* art. 102.011(a)(2) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $50 for executing or processing an issued arrest warrant, capias, or capias pro fine . . . .").

[5] *Id.* art. 102.005(a) (West 2006) ("A defendant convicted of an offense in a county court, a county court at law, or a district court shall pay for the services of the clerk of the court a fee of $40.").

11

(6) $20.00 jury fee;[7]

(7) $6.00 for support for the judiciary;[8]

(8) $5.00 jury summoning fee;[9]

(9) $5.00 commitment fee;[10]

(10)   $5.00 release fee;[11]

(11)   $5.00 security fee;[12]

(12)   $4.00 jury reimbursement fee.[13]

---

[6]   *Id.* art. 102.005(f) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code.").

[7]   *Id.* art. 102.004(a) (West 2006) ("A defendant convicted by a jury . . . in district court shall pay a jury fee of $20.").

[8]   TEX. LOC. GOV'T CODE ANN. § 133.105(a) (West 2008) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.").

[9]   TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(7) ("A defendant convicted of a felony or a misdemeanor shall pay . . . $5 for summoning a jury, if a jury is summoned").

[10]   *Id.* art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release").

[11]   *Id.*

[12]   *Id.* art. 102.017(a) (West Supp. 2013) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court.").

[13]   *Id.* art. 102.0045(a) (West Supp. 2013) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse

(13)   $4.00 for the court technology fund;[14] and

(14)   $2.00 for support of indigent defense;[15]

These fees total $374.00:

$ 133.00 (consolidated court cost for conviction of a felony)
$   70.00 (summoning witnesses fee)
$   50.00 (serving capias fee)
$   40.00 (clerk's office fee)
$   25.00 (district court records preservation fee)
$   20.00 (jury fee)
$    6.00 (support for the judiciary fee)
$    5.00 (jury summoning fee)
$    5.00 (commitment fee)
$    5.00 (release fee)
$    5.00 (security fee)
$    4.00 (jury reimbursement fee)
$    4.00 (court technology fee)
$    2.00 (support of indigent defense fee)
$ 374.00

The trial court assessed costs in the amount of $329.00.  The record shows a basis

for assessing costs in at least that amount.  *See Johnson*, 423 S.W.3d at 389, 396.

---

counties for the cost of juror services as provided by Section 61.0015, Government Code.").

[14]   *Id.* art. 102.0169(a) (West Supp. 2013) ("A defendant convicted of a criminal offense in a . . . district court shall pay a $4 county and district court technology fee as a cost of court.").

[15]   TEX. LOC. GOV'T. CODE ANN. § 133.107(a) (West Supp. 2013) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code.").

Hudson also challenges the assessment of a $70.00 fee for summoning witnesses. Texas Code of Criminal Procedure 102.011(a)(3) provides that a "defendant convicted of a felony or a misdemeanor shall pay . . . $5 for summoning a witness." TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(3) (West Supp. 2013). In *Ramirez v. State*, 410 S.W.3d 359, 366 (Tex. App.—Houston [1st Dist.] 2013, no pet.), this court held that the statute permits the assessment of a $5 fee per witness each time a witness is served a summons. *See id.* at 365–66 ("[T]he intent of the statute is to reimburse the costs borne by the peace officer. This goal would not be achieved by allowing only one payment for summoning a witness regardless of the number of times that witness would have to be summoned. Accordingly, we construe the statute to require a $5 fee for each witness summoned each time the witness is summoned.").

Here, the record establishes that a peace officer summoned six witnesses on March 23, 2012, five witnesses on June 11, 2012, three witnesses on October 17, 2012, and five witnesses on November 5, 2012. This is sufficient to support the assessment of $70.00 for summoning 14 witnesses. *See Ramirez*, 410 S.W.3d at 365 (holding that record establishing at least 28 witnesses were summoned was sufficient to support assessment of costs for summoning 20 witnesses).

We overrule Hudson's second issue.

14

## Reformation of the Judgment

"[A]n appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); *accord Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (holding that an appellate court has the power to correct and reform a trial judgment to make the record speak the truth when it has the necessary data and information to do so); *see also* TEX. R. APP. P. 43.2(b).

The State requests that we reform the judgment to assess the full measure of mandatory costs applicable upon conviction. The Code of Criminal Procedure contemplates that the State may revisit the amount of costs due by filing an appropriate motion in the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 103.007 (West 2006) ("After a defendant has paid costs, no more costs may be charged against the defendant *unless the court rules on a motion presented to the court that additional costs are due*." (emphasis added)). Thus, the State may file a motion in the trial court to collect court costs in excess of those already assessed in the judgment. *See id.* However, in *Smith v. State*, -- S.W.3d --, No. 01-12-00485-CR, 2014 WL 2958274 (Tex. App.—Houston [1st Dist.] June 30, 2014, no pet. h.), this court held that once we have already reviewed the record concerning court

15

costs in conjunction with resolving an appellant's challenge to those costs, it would not serve judicial efficiency to require the State to avail itself of the remedy it is afforded under article 103.007 and, therefore, we may modify the judgment to reflect the applicable mandatory costs identified by the State. *See id.* at \*9. Because we have determined that the applicable mandatory statutory costs amount to $374.00, we will modify the judgment accordingly. *See id.* (modifying judgment to reflect applicable mandatory costs identified by State).

## Conclusion

We modify the original judgment dated November 28, 2012 to reflect the mandatory statutory costs of court in the amount of $374.00, and as modified, we affirm.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do Not Publish — TEX. R. APP. P. 47.2(b).