FILED IN
COURT OF CRIMINAL APPEALS

March 11, 2015

ABEL ACOSTA, CLERK

PD-1406-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/11/2015 3:00:23 PM
ORAL ARGUMENT REQUESTED
Accepted 3/11/2015 3:03:49 PM
ABEL ACOSTA
CLERK

**PD-1406-14**

**IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS**

———————————————

**JOSE RAMIRO DELAROSA,
Appellant
VS.
THE STATE OF TEXAS
Appellee**

———————————————

**REVIEW OF THE DECISION OF THE COURT OF APPEALS, FIFTH
DISTRICT IN OPINION NO. 05-14-01020-CR, APPEALED IN CAUSE NO.
F14-52888-T FROM THE 283RD JUDICIAL DISTRICT COURT
OF DALLAS COUNTY**

———————————————

**APPELLANT'S BRIEF REGARDING JURISDICTION OF THE TRIAL
COURT TO ENTER A NEW JUDGMENT IN
CAUSE NO. F14-52888-CR
AS ORDERED BY THE COURT OF CRIMINAL APPEALS ON
FEBRUARY 25, 2015**

———————————————

**LESLIE MCFARLANE
State Bar No. 13603500
7522 Campbell Rd. Ste.113-216
Dallas, TX  75248-1726
lwmcfarlane@gmail.com**

**ATTORNEY FOR APPELLANT**

# IDENTITY OF ALL PARTIES

As this is an appeal from a criminal conviction, the only parties are:

Respondent/Appellant: Jose Ramiro Delarosa

Attorney of record on appeal: Leslie McFarlane, 7522 Campbell Rd, Suite 113-216, Dallas, Texas, 75248-1726

Petitioner/Appellee: Dallas County District Attorney, Susan Hawk, 133 N. Riverside Blvd. LB#19, Dallas, Texas 75207

Michael R. Casillas, Assistant District Attorney, 133 N. Riverside Blvd. LB#19, Dallas, Texas 75207

# TABLE OF CONTENTS

IDENTITY OF PARTIES…………………………………………….. i

INDEX OF AUTHORITIES …………………………………………. iii

STATEMENT REGARDING ORAL ARGUMENT ……………….. 2

STATEMENT OF THE CASE …………………………………… 2

STATEMENT OF PROCEDURAL HISTORY …………………….. 3

GROUNDS FOR REVIEW ……………….…………………….. 4

1. The trial court had jurisdiction to take this case to trial on December 17, 2014 because the granting of the new trial on August 6, 2014 returned the case to its position before the jury trial. The failure of the State to appeal the ruling on the motion for new trial deprived the Court of Appeals of jurisdiction in this matter.

2. When the trial court granted the motion for new trial in this case, the previously filed notice of appeal became a premature motion that cannot deprive the trial court of jurisdiction or grant jurisdiction to the Court of Appeals.

3. The failure of the State to file a notice of appeal within 20 days of the granting of the motion for new trial deprived the Court of Appeals of jurisdiction. The trial court retained jurisdiction in the matter as soon as the motion for new trial was granted.

ARGUMENT …………………………………………………… 5

PRAYER FOR RELIEF ………………………………………… 12

CERTIFICATE OF SERVICE ………………………………… 13

CERTIFICATE OF COMPLIANCE ………………………………. 13

# INDEX OF AUTHORITIES

**CASES:**

Hall v. State
    698 S.W.2d 150 (Tex. Crim. App. 1985) …………………….    7

McIntire v. State
    698 S.W.2d 652 (Tex. Crim. App. 1985) ……………………    7

Olivo v. State
    918 S.W.2d 519 (Tex. Crim. App. 1996) ……………………..    7,11

State v. Bates
    889 S.W.2d 306 (Tex. Crim. App. 1994) ……………………..    8,9

State v. Gonzales
    855 S.W.2d 692 (Tex. Crim. App. 1993) ……………………..    7

State v. Gutierrez
    143 S.W.3d 829 (Tex. App. - Corpus Christi, 2004) ………...    7

Waller v. State
    931 S.W.2d 640 (Tex. App. – Dallas, 1996) ……………………..    8,9

**CODES:**

TEXAS CODE OF CRIMINAL PROCEDURE

    Article 44.01 (a) (3) …………………………………………    8

**RULES:**

TEXAS RULES OF APPELLATE PROCEDURE

Rule 21.1 …………………………………………………. 8
Rule 21.9 (b) ………………………………………… 9,10,11
Rule 26.2 (a) ……………………………………… 6,8
Rule 26.2 (b) ……………………………………… 7
Rule 27.1 (b) ……………………………………… 9

**PD-1406-14**

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

_____

JOSE RAMIRO DELAROSA,
                    **Appellant**
            VS.

THE STATE OF TEXAS,
                    **Appellee**
_____

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

The appellant, Jose Ramiro Delarosa, respectfully submits this brief in the above styled and numbered cause by his appointed counsel of record, Leslie McFarlane. This brief was ordered by the Court of Criminal Appeals on February 25, 2015 to determine if the trial court had jurisdiction to act after the Court of Appeals dismissed the appeal and the State filed a petition for discretionary review.

1

## STATEMENT REGARDING ORAL ARGUMENT

Should the court deem oral argument necessary, the appellant requests oral argument in this matter to reinforce the fact that once the trial court granted the motion for new trial in this matter the court retained jurisdiction to take the case to trial on December 17, 2014, after the State filed a petition for discretionary review. The failure of the State to appeal the granting of the motion for new trial deprived the Court of Appeals of jurisdiction in this matter and allowed the trial court to retain jurisdiction in this matter.

## STATEMENT OF THE CASE

The appellant was indicted on March 31, 2014 for the offense of unauthorized use of a motor vehicle. The trial began on July 8, 2014 with a plea of not guilty before the jury. On July 9, 2014 the appellant was found guilty by the jury and sentenced to 18 months confinement and a $1000 fine.

# STATEMENT OF PROCEDURAL HISTORY

On July 8, 2014 the appellant entered a not guilty plea before the jury to the charge of unauthorized use of a motor vehicle. The jury found him guilty on July 9, 2014. On July 9, 2014 the trial court entered the Trial Court's Certification of the Defendant's Right to Appeal. On August 1, 2014 the appellant filed a pro se notice of appeal. On August 5, 2014 the undersigned counsel was appointed to represent the appellant on appeal. A Motion for New Trial was filed and granted on August 6, 2014. The appellant filed a Motion to Dismiss the Appeal in the Court of Appeals on September 22, 2014. On that same date the Assistant District Attorney filed a Motion to Abate the Appeal. On September 24, 2014 the appellant filed a Response to the Motion to Abate. On October 2, 2014 the Court of Appeals granted the Motion to Dismiss the appeal for lack of jurisdiction. The State filed a Petition for Discretionary Review on October 17, 2014. The trial court heard the case on December 17, 2014. The Court of Criminal Appeals granted the petition for discretionary review on January 28, 2015 and ordered briefs prepared in the matter. The State filed its brief on February 17, 2015. The  appellant's brief is due on March 19, 2015. On February 25, 2015 the Court of Criminal Appeals ordered additional briefs

filed on the question of the jurisdiction of the trial court to act after the State filed a petition for discretionary review. This brief is filed in response to that order and is due on March 12, 2015.

**<u>GROUNDS FOR REVIEW</u>**

1. The trial court had jurisdiction to try this case on December 17, 2014 because the granting of the new trial on August 6, 2014 returned the case to its position before the jury trial. The failure of the State to appeal the ruling on the motion for new trial deprived the Court of Appeals jurisdiction in this matter.

2. When the trial court granted the motion for new trial in this case, the previously filed notice of appeal became a premature motion that cannot deprive the trial court of jurisdiction or grant jurisdiction to the Court of Appeals.

3. The failure of the State to file a notice of appeal within 20 days of the granting of the motion for new trial deprived the

Court of Appeals of jurisdiction. The trial court retained jurisdiction in the matter as soon as the motion for new trial was granted.

## APPELLANT'S ARGUMENT REGARDING THE TRIAL COURT'S JURISDICTION AFTER THE STATE FILED A PETITION FOR DISCRETIONARY REVIEW.

### Analysis for Grounds One, Two and Three

The question before the Court of Criminal Appeals concerns the jurisdiction of a trial court to exercise jurisdiction in a criminal case after a motion for new trial is granted without an appeal by the State on the issue of granting a new trial. When the Court of Appeals dismissed the appeal for lack of jurisdiction, the State filed a petition for discretionary review, which was subsequently granted by the Court of Criminal Appeals. Specifically, this court now wants to know if the trial court had jurisdiction to act after the State filed a petition for discretionary review. It is the position of the appellant that both the statutory law and case law provided the trial court

with the jurisdiction to act once the motion for new trial was granted and the State did not file an appeal on that ruling.

A brief summary of the relevant dates regarding this case is helpful in understanding the application of the appellate rules and case law:

| | |
|---|---|
| July 8 - 9, 2014 | Jury trial on a not guilty plea |
| July 9, 2014 | Sentence imposed |
| July 24, 2014 | Notice of Appeal mailed to trial court |
| August 1, 2014 | Notice of Appeal received in court |
| August 5, 2014 | Counsel appointed on appeal |
| August 6, 2014 | Motion for New Trial filed and granted |
| September 22, 2014 | Motion to Dismiss Appeal filed in Court of Appeals |
| October 2, 2014 | Motion to Dismiss appeal granted |
| October 16, 2014 | State files Petition for Discretionary Review |
| December 17, 2014 | Re-trial held in original case |
| January 28, 2015 | State's Petition for Discretionary Review granted |
| February 6, 2015 | Appellant's Motion to Dismiss the State's Petition for Discretionary Review for Lack of a Justiciable Issue |
| February 25, 2015 | Order to submit brief on jurisdictional issue |

Jurisdiction is invoked in the Court of Appeals in a criminal case when the defendant files a notice of appeal within 30 days after the sentence is imposed. Tex. R. App. P. 26.2 (a)[1]. The State must file a notice of appeal within 20 days of the court entering of an appealable order, ruling

---

[1] **26.2  *Criminal Cases.***
    **(a)  *By the Defendant.*** --The notice of appeal must be filed:
        **(1)**  within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or
        **(2)**  within 90 days after the sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

6

or sentence to invoke jurisdiction in the Court of Appeals. Tex. R. App. P. 26.2 (b)[2]. "The Rules of Appellate Procedure do not establish courts of appeals' jurisdiction; they provide procedures which must be followed by litigants to invoke the jurisdiction of the courts of appeals so a particular appeal may be heard." Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

It is undisputed that the appellant filed a notice of appeal in this case on August 1, 2014. With the timely filing of the notice of appeal the appellant invoked the jurisdiction of the Court of Appeals. However, the trial court retains the jurisdiction to rule on a timely filed motion for new trial. Hall v. State, 698 S.W.2d 150 (Tex. Crim. App. 1985), State v. Gutierrez, 143 S.W.3d 829 (Tex. App. - Corpus Christi, 2004). The right to file and have heard a motion for new trial is absolute provided it is asserted within the statutory timelines. McIntire v. State, 698 S.W.2d 652, 660 (Tex. Crim. App. 1985). It is undisputed that the motion for new trial was timely filed in this case on August 6, 2014. The court granted the motion on that same date. Clearly the trial court was had jurisdiction to grant the motion for new trial. State v. Gonzales, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993).

---

[2] **26.2 (b)** *By the State.* --The notice of appeal must be filed within 20 days after the day the trial court enters the order, ruling, or sentence to be appealed.

7

Once the trial court granted the motion for new trial on August 6, 2014 the verdict was set aside the case was returned to the position before the trial. Tex. R. App. P. 21.1[3]. State v. Bates, 889 S.W.2d 306, 311 (Tex. Crim. App. 1994); Waller v. State, 931 S.W.2d 640, 643-644 (Tex. App. Dallas, 1996).

When the motion for new trial was granted, the State had the right to appeal that ruling within 20 days of granting the motion. Tex. R. App. P. 26.2 (b)[4] and Tex. Code Crim. Proc. art 44.01 (a) (3)[5]. It is undisputed that no appeal was filed by the State in this case. Had a timely appeal been filed by the State, the Court of Appeals would have had jurisdiction in the matter regarding the granting of the motion for new trial. However, absent an appeal by the State, the Court of Appeals dismissed the appeal as there was no conviction pending so there could be no appellate jurisdiction.

---

[3] **21.1 *Definition.***
  **(a) *New trial*** means the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt.

[4] **26 (b) *By the State.*** --The notice of appeal must be filed within 20 days after the day the trial court enters the order, ruling, or sentence to be appealed.

[5] Tex. Code of Crim. Proc. art. 44.01
  **(a)** The state is entitled to appeal an order of a court in a criminal case if the order:
  **(3)** grants a new trial;

Once the time expired for the State to file an appeal in this case, the trial court had jurisdiction in the matter as the case was returned to the position as it was at the time of indictment. Tex. R. App. P. 21.9 (b)[6]. Bates, supra at 311; Waller, supra at 643-644. The notice of appeal that was filed by the appellant on August 1, 2014 became a prematurely filed document. Tex. R. App. P. 27.1 (b)[7]. The notice of appeal was not effective before a finding of guilt or before the court received a jury verdict. Tex. R. App. P. 27.1 (b)[8] While jurisdiction in the Court of Appeals was invoked when the notice of appeal was filed, that jurisdiction was lost when the motion for new trial was granted. Once the trial court granted the motion for new trial, the Court of Appeals lost jurisdiction and had no alternative but to dismiss the appeal. Bates, supra at 311. While the Court of Appeals lost

---

[6] **21.9** *Granting a New Trial.*
   **(b)** Granting a new trial restores the case to its position before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party.

[7] **27.1** *Prematurely Filed Notice of Appeal.*
   **(b)** *Criminal Cases.* --In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict.

[8] **27.1** *Prematurely Filed Notice of Appeal.*
   **(b)** *Criminal Cases.* --In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict.

jurisdiction on August 6, 2014, the trial court retained jurisdiction pursuant to Tex. R. App. P. 21.9 (b)[9]. Under that authority the trial court had jurisdiction to take the case to trial on December 17, 2014.

Since the only notice of appeal of record in this case is the prematurely filed notice of appeal, the Court of Appeals had no choice but to grant the motion to dismiss this appeal. Since there was no appellate jurisdiction in this matter the filing of a petition for discretionary review did not create appellate jurisdiction nor could it deny the trial court the jurisdiction it retained under Tex. R. App. P. 21.9 (b)[10]. Had the State timely filed a notice of appeal, the Court of Appeals would have had jurisdiction in the case and the filing of a petition for discretionary review would have been appropriate had the State received a disappointing ruling. To allow the State to take an issue to the Court of Criminal Appeals without first properly invoking the procedural requirements necessary to invoke appellate jurisdiction is allowing the State to create jurisdiction out of thin

---

[9] **21.9  *Granting a New Trial.***
    **(b)** Granting a new trial restores the case to its position before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party.

[10] **21.9  *Granting a New Trial.***
    **(b)** Granting a new trial restores the case to its position before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party.

air. Olivo, supra at 523. If the trial court retains jurisdiction and the Court of Appeals does not have jurisdiction, why should the filing of a petition for discretionary review suddenly deprive the trial court of jurisdiction? It is undisputed that the State did not file a notice of appeal in this case. Without first establishing appellate jurisdiction pursuant to the Texas Code of Criminal Procedure or the Texas Rules of Appellate Procedure, the State cannot now create appellate jurisdiction when it is clear the trial court retained jurisdiction once the motion for new trial was granted.

Once the trial court granted the motion for new trial and the State chose not to appeal that decision, the trial court retained jurisdiction over this criminal matter and properly took the case to trial on December 17, 2014. Pursuant to the appellate rules and case law herein cited, specifically Tex. R. App. P. 21.9 (b)[11], the trial court retained jurisdiction in this matter.

---

[11] **21.9 *Granting a New Trial.***
   **(b)** Granting a new trial restores the case to its position before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the appellant prays that this Court find the trial court had jurisdiction in this matter in the December 17, 2014 proceeding and that this Court deny relief the State's Petition for Discretionary Review as the State failed to properly file a notice of appeal when the motion for new trial was granted. The Respondent further prays that the Court hold the Court of Appeals did not have jurisdiction in this matter and the appeal was properly dismissed.

Respectfully submitted,

/s/ Leslie McFarlane
State Bar No. 13603500
7522 Campbell Rd., Ste 113-216
Dallas, TX 75248-1726
(972) 934-1721
lwmcfarlane@gmail.com

ATTORNEY FOR RESPONDENT/APPELLANT

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing brief was electronically served on Michael Casillis of the Dallas County District Attorney's Office at the time of the efiling of this brief and a paper copy was mailed to the Dallas County District Attorney, 133 N. Riverfront Blvd, LB#19, Dallas, TX, 75207 by delivering same to the United States Postal Service on this 11th day of March, 2015.

/s/Leslie McFarlane

## WORD COUNT CERTIFICATE OF COMPLAINCE

The undersigned attorney certifies that this document was prepared on the computer program Word for Mac 2011 and contains 3138 words.

/s/ Leslie McFarlane

13