Mancel L. KETCHUM, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–82–515–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 9, 1983.

Janet S. Morrow, Houston, for appellant.

Ray E. Speece, Houston, for appellee.

Before PAUL PRESSLER, ROBERT-SON and CANNON, JJ.

ROBERTSON, Justice.

After being indicted for the offense of murder, appellant pleaded *nolo contendere* to a reduced charge of voluntary manslaughter. The trial court assessed punishment at ten years confinement after receipt of a pre-sentence investigation report. We affirm.

In his first ground of error, appellant contends the judgment below should be reversed because the evidence is insufficient to support his conviction. The transcript contains a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" signed by appellant. He does not contend this instrument is insufficient to sustain his conviction; rather, relying on an alleged ambiguity in the record of the hearing on his plea of *nolo contendere,* he speculates that the reference in the record to a stipulation of evidence may refer to some other instrument. However, he concedes in his brief that the state has presented some evidence to the court and further concedes that the record shows no error on the trial court's part in acting as it did. While the state did not refer to the document by its title when introducing its stipulation of evidence, it is apparent from the dialogue among all the parties that they were referring to the written stipulation contained in the transcript. Because appellant did not object when the trial court treated the written stipulation as if it had been admitted into evidence, it may be considered in support of the judgment as if it had been formally admitted. *Killion v. State,* 503 S.W.2d 765 (Tex.Cr. App.1973). We find this document sufficient to meet the evidence requirements of Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon 1977). Further, the procedure followed in this case by the same judge and prosecutor is identical to that in *Pope v. State,* No. B14–82–589–CR (Tex.App.—Houston [14th Dist.] May 12, 1983, no pet.) (not yet reported). We there held the evidence sufficient to support the plea. Appellant's first ground of error is overruled.

Appellant's second ground of error contends "the use of the PSI [pre-sentence investigation] report to assess punishment violated appellant's fifth amendment privilege against self-incrimination because of lack of admonishment of his rights and waiver thereof." At the May 17, 1982 hearing on appellant's plea of *nolo contendere,* in response to appellant's attorney's request, the trial court deferred its finding of guilt and punishment until after a pre-sen-

tence investigation report could be completed. When the punishment hearing was held on July 16, 1982, appellant took the stand and described the events surrounding the death of the complainant. The court found appellant guilty and assessed punishment based on appellant's plea of *nolo contendere*, the evidence heard by the court, and the pre-sentence investigation report. It did not specify which portions, if any, of the pre-sentence investigation report were relied upon in assessing appellant's punishment. Appellant made no objection to the use of the pre-sentence investigation report at the hearing on May 17, 1982, or on July 16, 1982.

Appellant contends the decision of *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) controls the disposition of this ground of error. In *Smith,* the United States Supreme Court reversed a Texas death penalty conviction in which a psychiatrist testified on a punishment issue of future dangerousness and based his testimony upon information supplied to him by the defendant in a court-ordered interview to determine his competency and sanity. Appellant's contention concerning the applicability of *Smith* to pre-sentence investigation interviews has been considered in *Jennings v. State,* 647 S.W.2d 18 (Tex.App.—Houston [1st] 1982, pet. granted). In *Jennings,* the court held that a ground of error very similar to the one appellant asserts before us was without merit for two reasons: (1) the trial court is presumed to have disregarded inadmissible evidence, citing *Moton v. State,* 540 S.W.2d 715 (Tex.Cr.App.1976); and (2) the appellant failed to object to the use of the pre-sentence investigation report. Our case is very similar. *See Edwards v. State,* 652 S.W.2d 519 (Tex.App.—Houston [1st] 1983, pet. ref'd) and *Trimmer v. State,* 651 S.W.2d 904 (Tex.App.—Houston [1st] 1983, no pet.). Here, appellant requested that the pre-sentence investigation report be prepared and failed to raise a U.S. Const. amend. V objection when the court used the report. A constitutional error may be waived by failure to object. *Parker v. State,* 649 S.W.2d 46 (Tex.Cr.App.1983). In

absence of a timely objection we do not reach the merits of appellant's contention. *Id.* Appellant's second ground of error is overruled.

The trial court's judgment is affirmed.