Charles Lee **BARKER**, Appellant,

v.

**STATE** of Texas, Appellee.

No. C14-82-719CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 13, 1983.

Janet Morrow, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

After a plea of nolo contendere appellant was assessed twenty years confinement for aggravated robbery. Appellant requested a PSIR [pre-sentence investigation report] at the time of his plea, and punishment was resumed on September 25, 1982. The thrust of appellant's first two grounds of error is directed at the trial court's use of the pre-sentence investigation report and the attached psychiatric evaluation at the punishment hearing. We overrule the first two grounds of error.

Appellant contends in his first ground of error that his Fifth Amendment privilege against self-incrimination was violated by the trial court's use of the psychiatric report included in the pre-sentence investigation report. Appellant cites *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) for the proposition that appellant should have been given proper warnings against self-incrimination. However, in relying on *Smith,* appellant failed to note the Court's restriction of its holding to the situation where a criminal defendant does not initiate a psychiatric evaluation or attempt to introduce psychiat-

ric evidence. *Smith, supra,* at 468, 101 S.Ct. at 1875. Thus, *Smith* is inapposite in the instant case since appellant requested the psychiatric evaluation and the pre-sentence investigation.

In the second ground of error, appellant suggests that his plea for a pre-sentence investigation was invalid for lack of admonishment against self-incrimination and his right to trial by jury on the issue of punishment and waiver of those rights. Here the pre-sentence investigation report, including the psychiatric report, was before the trial court at appellant's request and no objection was made to the report at the time it was ordered or offered to the trial court. Absent a timely objection no error is presented. *Ketchum v. State,* 655 S.W.2d 325 (Tex.App.—Houston [14th Dist.] 1983).

Under either of appellant's first two alleged grounds of error, any Constitutional error was waived by failure to object. *Parker v. State,* 649 S.W.2d 46 (Tex.Cr.App. 1983). In absence of a timely objection we do not reach the merits of appellant's contention in grounds of error number one and two, and they are overruled.

In his third ground of error, appellant contends that the trial court abused its discretion in determining the amount of restitution set as a condition of parole. The argument is based on alleged factual insufficiency in the record.

The probation officer indicated in his report that certain medical expenses were incurred by the victim. At the punishment hearing the prosecutor requested that restitution of medical expenses be made a condition of parole, but offered no documentation of such expenses. Appellant was afforded no opportunity to state his position concerning the amount of such expenses.

The case relied upon by appellant, *Cartwright v. State,* 605 S.W.2d 287 (Tex. Cr.App.1980) is similar to the instant case in that the pre-sentence investigation report contained the only indication of the proper amount of restitution. Like the court in *Cartwright,* we have nothing more to review than a pre-sentence investigation re-

port and we agree that hearsay "does not constitute such evidence that a just determination may be made from it." *Id.* at 289.

Section 15(g) of the Code of Criminal Procedure reads in part:

> Each person to be released on parole shall be furnished a written statement and contract setting forth in clear and intelligible language the conditions and rules of parole. The conditions shall include the making of restitution or reparation to the victim of the prisoner's crime, in an amount not greater than such restitution or reparation *as established by the court and entered in the sentence of the court which sentenced the prisoner to his term of imprisonment* . . . . TEX.CODE CRIM.PROC.ANN. art. 42.12 § 15(g) (Vernon 1981). (Emphasis added.)

The statutory language is not in the form of a direct authorization, as it is regarding probation terms. However, in assuming the trial court has authority to set restitution as a condition of parole, we do not decide that issue today.

■ Due process requires sufficient evidence in the record to show the amount ordered by the trial court has a factual basis. Such evidence is not present in this record. For the above reasons, the restitution condition should be deleted from the sentence. Appellant's third ground of error is sustained.

The judgment of the trial court is affirmed and is reformed to strike the restitution provision.