Oscar Kelly ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–85–0273–CR, 01–85–0274–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 27, 1986.

Marshall Davis Brown, Jr., Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., William J. Delmore, III, Norma Davenport, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

WARREN, Justice.

This appeal does not allege error prior to or at trial of the above numbered cases, but complains of the trial judge's order that restitution be made if appellant is granted parole.

Appellant pled guilty to two separate offenses of aggravated sexual assault of a child, but not true to enhancement paragraphs in each indictment. The court found appellant guilty in each case, found the enhancement paragraphs to be true, and assessed punishment in each case at life imprisonment and a $5000 fine.

Each sentence contained this paragraph after the judge's signature:

"The court further finds pursuant to art. 42.12, sec. 15(g) of the Code of Criminal Procedure that the defendant, if paroled, should make restitution and reparation to the victim of the crime, (victim's name), for psychiatric treatment in the amount not to exceed $10,000."

At a hearing on the motions for new trial, the court set aside the $5000 fine assessed in each case, but the record contains no amended judgments or sentences.

The main question for our determination is the validity of the trial judge's finding regarding restitution in each of the cases.

▪ Before we reach the matter of restitution, we must address the State's claim that we have no jurisdiction to entertain the appeal because appellant's notices of appeal were premature. In each of these cases, appellant filed a notice of appeal on April 12, 1985. On April 15, appellant filed motions for new trials, which were overruled on May 10. No further notices of appeal were filed.

We held in *Hale v. State*, 694 S.W.2d 212 (Tex.App.—Houston [1st Dist.] 1985, no pet.), that a premature notice of appeal did not render an appellant's appeal ineffective nor did it deprive this court of jurisdiction. Other courts are in accord with that decision. *Johnson v. State*, 649 S.W.2d 153

(Tex.App.—Austin 1983, no pet.); *Mayfield v. State*, 627 S.W.2d 474 (Tex.App.—Corpus Christi 1981, no pet.).

The State suggests that we reconsider our decision in *Hale*, because of the recent comment of the Court of Criminal Appeals in *Hall v. State*, 698 S.W.2d 150 (Tex.Crim. App., 1985). In that case, the court noted:

> Both of these cases involve timely filed notices of appeal, under art. 44.08(b), subsequent to the overruling of a motion for new trial. We do not address the issue of the validity of a notice of appeal followed by a motion for new trial and no additional notice of appeal. See *Ex parte Drewery* [677 S.W.2d 533] at 537–538, supra, Miller, J. concurring. However, we note that the language of art. 44.08(b) seems to be mandatory that a notice *"shall* be filed within 15 days *after* overruling of the motion or amended motion for new trial...."* We also point out that in such a case the accused may have recourse by way of a claim of ineffective assistance of counsel. *Evitts v. Lucey*, — U.S. —, 105 S.Ct. 830, 82 L.Ed.2d 821 (1985).

*Id.* at n. 3.

After giving due consideration to the State's suggestion, we believe our holding in *Hale* to be a more reasonable approach, and we do not construe the decision of the Court of Criminal Appeals in *Hall* as compelling a different result under the circumstances presented here. We hold, therefore, that we have jurisdiction to hear the appeals.

In his first and second grounds of error, appellant alleges that the trial court abused its discretion in determining the amount of restitution and that the evidence was insufficient to support the trial court's order of restitution.

Texas Code Crim.P.Ann. art. 42.12, sec. 15(g) (Vernon Supp.1986) provides in pertinent part:

> Each person to be released on parole shall be furnished a written statement and contract setting forth in clear and intelligible language the conditions and rules of parole. The conditions shall include the making of restitution or reparation to the victim of the prisoner's crime, in an amount not greater than such restitution or reparation *as established by the court and entered in the sentence of the court which sentenced the prisoner to his term of imprisonment.* (Emphasis added.)

In the instant case, the trial court did not make a determination of the amount of "restitution or reparation" to be paid or performed as contemplated by art. 42.12, and the court merely set an upper limit on the amount that the parole board could impose as a condition of parole. We do not find evidence in the record that will support the trial court's judgment in this respect.

In *Cartwright v. State*, 605 S.W.2d 287 (Tex.Crim.App.1980), the court held that there must be some factual basis in the record to support the amount of restitution set by the trial court as a condition of probation, and that data contained in a presentence investigation report does not constitute such supporting evidence. *Id.* at 289. In that case, the court abated the appeal and remanded the cause to the trial court for a hearing to determine a just amount of restitution. *Id.* The *Cartwright* holding has been followed in courts of appeals' decisions involving a determination of restitution as a condition of parole. *Vanderburg v. State*, 681 S.W.2d 713 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd); *Barker v. State*, 662 S.W.2d 640 (Tex.App.—Houston [14th Dist.] 1983, no pet.); *compare Collins v. State* 701 S.W.2d 275 (Tex.App.—Dallas 1985, no pet.).

We believe the holding of the Court of Criminal Appeals in *Cartwright* to be controlling here. Therefore, we hold that the trial court abused its discretion in establishing the amount of restitution or reparation (even though it merely set a "top limit" on such amount) without sufficient factual basis for making that determination. Although the court of appeals in *Barker* and *Vandenburg* reformed the trial court's judgment, by deleting the restitution condition, we believe the decision in *Cartwright* requires a different manner of disposition. As the court ordered in *Cartwright*, we abate the appeal, set aside the

court's determination of the amount of restitution or reparation, and remand the cause for a hearing to determine a just amount of restitution or reparation as a condition of parole. *Cartwright,* 605 S.W.2d at 289.

We therefore sustain the appellant's second ground of error.

In his third ground of error, the appellant contends that the trial court erred in assessing a $5,000 fine in each case, arguing that such fine was unauthorized by law and that the order rendered the trial court's judgments and sentences void. The record reflects that the trial court did reform the judgments, to delete the unauthorized fines, at the time of the hearing on the appellant's motion for new trial. Furthermore, Tex.Code Crim.P.Ann. art. 37.10 (Vernon Supp.1986) requires this Court to amend the judgment to delete any unauthorized fines. *See Ex Parte Johnson,* 697 S.W.2d 605 (Tex.Crim.App.1985). The final decision issued by this Court will expressly recognize that the trial court's judgments have been reformed to delete the imposition of the unauthorized fines. This ground of error is overruled.

The appeal is abated, and the cause is remanded to the trial court for further proceedings consistent with this opinion.