**Affirmed and Opinion filed August 28, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-01098-CR

---

**NOAH WILSON COLLINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1298556**

---

## OPINION

Appellant Noah Wilson Collins was charged by indictment with the offense of murder. He pleaded guilty to the offense and pleaded true to an enhancement paragraph,

without an agreed sentencing recommendation from the State. The trial court found appellant guilty and sentenced him to life in prison.

In his sole issue, appellant claims his Fifth Amendment right against self-incrimination was violated when he was questioned by the investigator compiling a Presentence Investigation Report (PSI) after he had initialed a paragraph in the plea paperwork invoking his right against self-incrimination and declining to participate in the preparation of a PSI. Because appellant failed to preserve error in the trial court, we affirm.

As part of the entry of the guilty plea, appellant signed and initialed the preprinted plea form, which is divided into two sections, "Admonishments" and "Statements and Waivers of Defendant." Appellant initialed each paragraph in the section entitled "Statements and Waivers of Defendant," including paragraph 6, which reads:

> I understand that before sentence may be imposed, the Court must order preparation of a Presentence Investigation Report by the probation officer pursuant to Article 42.12, Sec. 9, V.A.C.C.P. I have thoroughly discussed this matter with my attorney and believe that for the Court to compel me to participate in the preparation of such a report would abridge the protection provided me by the Constitution of the United States and the Constitution and laws of the State of Texas and could result in further prejudice to me. Therefore, **I hereby in writing respectfully decline to participate in the preparation of a Presentence Investigation Report** and request that said report not be made prior to the imposition of sentence herein. I further knowingly, voluntarily, and intelligently waive any right which I may have to the preparation of said report either under Article 42.12, Sec. 9, V.A.C.C.P. or under Article 42.09, Sec. 8, V.A.C.C.P.

(Emphasis added).

Following the plea, an investigator compiled a PSI. Notwithstanding the signed statement cited above, the investigator interviewed appellant as part of the PSI. There is no evidence that appellant initiated the interview, nor is there evidence that appellant objected to his participation. Appellant informed the investigator that during the periods 2000–2001 and 2002–2004 he supported himself by selling drugs, primarily cocaine and

marijuana. Appellant supplied additional information to be added to the PSI, including appellant's written statement, character letters, and the results of a psychiatric examination.

At the opening of the sentencing hearing, the court asked appellant if he had any objections to the PSI. His counsel stated there were no objections to the report. In closing arguments, the State did not mention appellant's admission that he had sold drugs for a living, but reviewed appellant's "violent" criminal history, which included appellant's prior conviction for possession of three pounds of marijuana and appellant's prior no-billed charge of murder during a drug deal. After reviewing the PSI and hearing a statement from appellant and arguments of counsel, the court sentenced appellant to life in prison.[1]

Appellant argues his Fifth Amendment right to refrain from self-incrimination was violated when he was questioned by the State investigator compiling the PSI against his earlier expressed desire not to participate in the preparation of a PSI. Appellant contends he was harmed by the inclusion in the PSI of evidence he gave during the presentence investigatory interview that he had supported himself by dealing drugs because this information resulted in a harsher sentence.

Even after a guilty plea is entered, a criminal defendant retains a right against self-incrimination as to sentencing. *Carroll v. State*, 42 S.W.3d 129, 132 (Tex. Crim. App. 2001). However, failure to make a timely objection at trial waives appellate complaint on the error. Tex. R. App. P. 33.1(a)(1). This error-preservation rule applies to many constitutional errors. *Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002) (explaining that only certain fundamental errors, such as the right to assistance of counsel and the right to trial by jury, may be raised for the first time on appeal). Because

---

[1] In pronouncing sentence, the Judge stated, …"you're just too violent….she [the complainant, appellant's wife] was tortured. I mean, just absolutely tortured like something from a —from a really bad movie…I just don't see any other way to find any other kind of justice in this case other than to give [appellant[]] a life sentence."

appellant failed to object to the PSI at the sentencing hearing, he has waived any error. *See Ketchum v. State*, 655 S.W.2d 325, 326–27 (Tex. App.—Houston [14th Dist.] 1983, no writ) (holding defendant's failure to object at the sentencing hearing to the PSI, which appellant had requested, waived any claim that failure to admonish defendant of his rights prior to his presentence investigatory interview violated his Fifth Amendment privilege against self-incrimination); *see also Morrison v. State*, No. 01-99-00469-CR, 2000 WL 730677, at *3–4 (Tex. App.—Houston [1st Dist.] June 8, 2000, no pet.) (mem. op.) (not designated for publication) (concluding that, on almost identical facts as those presented here, a defendant who pleaded guilty, initialed the same paragraph on the plea form declining to participate in the preparation of a PSI, but later cooperated and gave a statement to the investigating officer that was included in the PSI, had waived any error by defense counsel's failure to object to the PSI at the sentencing hearing); *see also Reyes v. State*, 361 S.W.3d 222, 230-231 (Tex. App.- Fort Worth 2012, pet. ref'd)(court held that, in order to perfect appellate consideration of alleged constitutional violations where probation officer interviewed defendant for PSI in his jail cell without counsel present or *Miranda* warnings given, defendant was required to object to the presentation of such evidence before its admission).

Appellant, however, urges this Court to reexamine how the Fifth Amendment privilege against self-incrimination applies to presentence investigatory interviews in light of the Supreme Court's decision in *McKune v. Lile*, 536 U.S. 24 (2002) (plurality op.). In *McKune*, the United States Supreme Court held that certain personal privileges constitutionally may be denied to convicted imprisoned sex offenders who refuse to participate in treatment programs that require participants to admit their guilt for unadjudicated offenses without a promise of immunity. The Court left open the possibility that more serious consequences could constitute unacceptable coercion and violate the Fifth Amendment's guarantee against forced self-incrimination. *Id.* at 48–52 (O'Connor, J., concurring).

4

No evidence has been presented that appellant was threatened, either explicitly or implicitly, with more severe punishment had he failed to participate in the PSI. There is no showing that the serious consequences alluded to in *McKune* were at stake. *See also Johnson v State*, 357 S.W. 3d 653 (Tex. Crim. App. 2012)(trial court's statement at sentencing that "in all candor, I would kind of like to know what he's been doing for the last 18 years" was not coercive and did not violate defendant's right to remain silent where defendant lodged no objection to testifying). Accordingly, we overrule appellant's sole issue on appeal.

The judgment of the trial court is affirmed.

/s/    Martha Hill Jamison
        Justice

Panel consists of Justices Boyce, Christopher and Jamison.
Publish—Tex. R. App. P. 47.2(b).