

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00288-CR

**BUFORD JUNIOR WHISEMANT, APPELLANT[1]**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 57,239-C, Honorable Charles Barnard, Presiding

February 9, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

On October 17, 2019, pursuant to a plea agreement, Appellant, Buford Junior Whisemant, was convicted of injury to a child causing bodily injury[2] and sentenced to ten years' confinement and a $750 fine, suspended in favor of three years' community supervision. The conditions of community supervision were modified several times. On

---

[1] Appellant's surname appears in some documents as "Whisenant." However, certain documents with his signature reflect "Whisemant" and his community supervision officer testified that employment records reflect an "m."

[2] TEX. PENAL CODE ANN. § 22.04(a)(3).

March 21, 2022, the State moved to revoke community supervision based on numerous violations of the conditions thereof. At a contested hearing on the State's motion, Appellant pleaded "not true" to the allegations. After presentation of testimony and evidence, the trial court found three allegations to be true, revoked Appellant's community supervision, and imposed the original sentence of ten years' confinement. By a single issue, Appellant alleges the trial court abused its discretion in revoking his community supervision because the evidence was insufficient to create a reasonable belief that he violated any of the conditions alleged by the State.[3] We affirm.

## BACKGROUND

Appellant was placed on community supervision for injury to his fourteen-year-old son. Specifically, as a form of discipline, Appellant shot his son with an air soft pistol and struck him with a bar of soap that had been placed in a pillowcase.

Before expiration of the period of community supervision, the State moved to revoke based on several allegations. At the hearing, the State abandoned some of the allegations and proceeded only on three allegations: Appellant committed two new offenses, failed to avoid injurious habits by using controlled substances, and failed to complete and report the monthly hours of community service required.

---

[3] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

The State presented witnesses in support of its allegations. Appellant did not testify at the hearing. Here, he maintains the trial court abused its discretion in revoking his community supervision because the evidence was insufficient to create a reasonable belief that he violated any of the conditions alleged by the State.

## STANDARD OF REVIEW

When reviewing an order revoking community supervision, the sole question before the court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that a defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker*, 389 S.W.3d at 865. Proof of a single violation is sufficient to support revocation. *See Busby v. State*, No. 07-20-00001-CR, 2021 Tex. App. LEXIS 1891, at *5 (Tex. App.—Amarillo March 11, 2021, pet. ref'd) ("Proof of any one violation of the terms and conditions of community supervision is sufficient to support a revocation.").

3

**ANALYSIS**

During the testimony of Appellant's community supervision officer, the State introduced several exhibits signed by Appellant in which he admitted to using amphetamine, methamphetamine, marihuana, and alcohol.  Here, he argues that his Fifth Amendment right against self-incrimination was violated because he signed the drug use admission forms involuntarily.  He asserts that no evidence was introduced that he was informed of his Fifth Amendment rights or that he properly waived his continuing right against self-incrimination.

However, when the complained-of exhibits were offered into evidence on three separate occasions during the supervision officer's testimony, defense counsel specifically declared "no objections" each time.

Preservation of error is a systemic requirement.  *Darcy v. State*, 488 S.W.3d 325, 327 (Tex. Crim. App. 2016).  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling.  TEX. R. APP. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016).  Further, the party must obtain an express or implicit adverse ruling or object to the trial court's refusal to rule.  TEX. R. APP. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013).  The right against self-incrimination is neither an absolute requirement nor a waivable-only right; rather, it is a forfeitable right.  *Gomez v. State*, Nos. 02-19-00129-CR, 02-19-00130-CR, 2020 Tex. App. LEXIS 3026, at *4 (Tex. App.—Fort Worth April 9, 2020, no pet.) (mem. op., not designated for publication) (citing *Johnson v. State*, 357 S.W.3d 653, 658 (Tex. Crim. App. 2012)).

4

By failing to object to the admission of various drug use admission forms, Appellant forfeited his claim that his Fifth Amendment right against self-incrimination was violated. *See* TEX. R. APP. P. 33.1(a)(1); *Collins v. State*, 378 S.W.3d 629, 631 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Ketchum v. State*, 655 S.W.2d 325, 326–27 (Tex. App.—Houston [14th Dist.] 1983, no pet.) (holding defendant's failure to object at the sentencing hearing to the PSI waived any claim that failure to admonish defendant of his rights prior to his interview violated his Fifth Amendment privilege against self-incrimination). The admission of the exhibits provided a reasonable belief that Appellant violated the conditions of community supervision. Because sufficient evidence of a single violation supports the revocation of community supervision, we need not address the remaining allegations. *See Keelin v. State*, No. 07-13-00420-CR, 2014 Tex. App. LEXIS 8936, at *6–7 (Tex. App.—Amarillo Aug. 13, 2014, pet. ref'd) (mem. op., not designated for publication) (noting that in-person admission to supervision officer and signed admission of methamphetamine use sufficient evidence to revoke community supervision). The trial court did not abuse its discretion in revoking Appellant's community supervision. Appellant's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex L. Yarbrough
Justice

Do not publish.

5