

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00263-CR

———————————————————

TELVIN MUIGAI KIHIU, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1686584D

---

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Telvin Muigai Kihiu entered a nonnegotiated guilty plea to the offense of aggravated robbery. After a presentence investigation (PSI) was completed, the trial court sentenced Kihiu to ten years' confinement. In one issue on appeal, Kihiu complains that the "PSI prepared in this case erroneously advised the sentencing court that it could sentence [Kihiu] to 'shock' probation." Because Kihiu waived the issue, we will affirm.

## I. BACKGROUND

After Kihiu's nonnegotiated guilty plea, the trial court ordered the Tarrant County Community Supervision and Corrections Department (CSCD) to complete a PSI. A CSCD officer did so and submitted a written PSI report to the trial court. The "Supervision Plan" portion of the PSI report recommended that Kihiu be placed on shock probation. *See* Tex. Code Crim. Proc. Ann. art. 42A.202 (extending trial court's plenary power for 180 days after imposing a sentence of imprisonment in non-state-jail-felony cases and allowing the trial court in that time to suspend the sentence and place defendant on probation).

At Kihiu's sentencing hearing, the trial court admitted a copy of the PSI report into the record. Kihiu did not object to its admittance. When asked by the trial court if she wanted to make an opening argument, Kihiu's attorney responded, "We're going to rest on the PSI and just argue." No further evidence was admitted by either Kihiu or the State. After arguments from both parties, the trial court sentenced Kihiu

to ten years' confinement, citing Kihiu's past failure to comply with the conditions of misdemeanor probation as of particular importance in coming to this sentence. Kihiu's appeal followed.

## II.  DISCUSSION

In his sole issue, Kihiu argues that it was reversible error for the CSCD officer to recommend shock probation because Kihiu was not legally eligible for shock probation.  *See* Tex. Code Crim. Proc. arts. 42A.054(11) (prohibiting judge-ordered probation for the offense of aggravated robbery), 42A.202(b)(2) (allowing shock probation only if defendant is otherwise eligible for probation).  He argues that, by recommending an unavailable sentence, the report misled the trial court as to what sentence was legally available, "failed to recommend a probation plan to the [trial court]," and "effectively told the [trial] court not to probate [Kihiu's] sentence."  The State counters that Kihiu waived this issue by failing to timely object and that, notwithstanding the waiver, there is no record evidence that the trial court was misled by the improper recommendation.  Kihiu concedes that he did not object to the PSI report but, citing *Marin v. State*, contends that the failure to include a proper recommendation "could constitute structural error that may be raised for the first time on appeal."  851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d, 264 (Tex. Crim. App. 1997).  We agree that Kihiu waived the issue.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

There are some exceptions to this rule. In *Marin*, the Court of Criminal Appeals outlined three error categories that may be raised for the first time on appeal: those related to (1) systemic or structural requirements, (2) waivable-only rights, and (3) rights implemented by request. *Marin*, 851 S.W.2d at 279. Systemic or structural errors include those related to personal jurisdiction, subject matter jurisdiction, statutory compliance with the separation of powers doctrine, prohibitions against ex post facto laws, and constitutional restraints on certain trial court comments. *Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002); *Herrera v. State*, 599 S.W.3d 64, 68 (Tex. App.—Dallas 2020, no pet.). Waivable-only rights include the rights to assistance of counsel, trial by jury, and ten-days' notice to prepare for trial. *Saldano*, 70 S.W.3d at 888; *see Aldrich v. State*, 104 S.W.3d 890, 895–96 (Tex. Crim. App. 2003).

Kihiu cites no case, and we have found none, holding that a PSI report submitted to a trial court that includes a probation recommendation not legally allowable constitutes structural or waivable error that need not be preserved by

4

objection. To the contrary, this court and our sister courts have consistently held that PSI-related errors—even when they may be constitutional violations—require specific objections to preserve error. *E.g., Collins v. State*, 378 S.W.3d 629, 630 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding that alleged Fifth Amendment violations related to PSI were not structural error and were waived for failure to object); *Reyes v. State*, 361 S.W.3d 222, 229 (Tex. App.—Fort Worth 2012, pet. ref'd) (same); *see Herrera*, 599 S.W.3d at 68 (collecting cases).

Thus, Kihiu's alleged error does not constitute a structural or waivable error. Because he did not object in any way to the PSI with the trial court, we hold that he failed to preserve the issue, which leaves nothing for our review.

### III. CONCLUSION

The trial court's judgment is affirmed.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 10, 2023